HENRY W. LEICESTER *vs.* THE TOWN OF PITTSFORD.

RUTLAND,
January,
1834.

In an action against a town on the statute for damages, occasioned for want of repairs on a highway, whether a good substantial railing is necessary, is a matter of fact to be submitted to the jury.

This was an action of trespass on the case brought to recover damages occasioned to the plaintiff, alleging the insufficiency and want of repair of a certain public road in the town of Pittsford, which it was the duty of said town to keep in repair, whereby the plaintiff in passing in a sleigh, drawn by two horses, for want of a sufficient railing to guard said road, was precipitated down a declivity, and one of his horses maimed and ruined. The bill of exceptions from the county court comprises a great variety of facts evidenced on the trial, tending to prove the allegations ; and also objections to the charge of the court on different points presented and decided ; none of which need be stated here, except the following, upon which the court turned the case in pronouncing their opinion. The county court charged the jury, that a " good substantial railing was necessary, sufficient to resist teams that should run against the same."

The verdict having been taken for the plaintiff, the defendants took exceptions to the charge, which were allowed and certified to this court.

*Royce for plaintiff.*
*Newell for defendant.*

The opinion of the court was delivered by

MATTOCKS, J.——There is one part of the charge in this case that we consider as incorrect, and therefore the other parts of the case need not be reviewed : it is that wherein the bill of exceptions says, " But the court charged the jury, ' that a good, substantial railing was necessary, sufficient to resist teams that should run against the same.' " This part of the charge was in answer to a request of the defendants to instruct the jury, " that on the road in question, and at the hill in question, no railing was necessary. The question whether a road or highway is in or out of repair, is a question of fact, to be submitted, like all other questions of fact, to the jury, with such pertinent remarks to enlighten and aid them in coming to a proper conclusion, as the judge who charges in his discretion shall think proper ; and in any given state of the road or bridge, whether any railing,

RUTLAND, *January,* 1834.

Leicester *vs.* Pittsford.

and if any, what kind, should constitute one of the materials or ingredients of a good or safe road or bridge, is one of the considerations or minor facts that they should be left to judge of in order to arrive at a proper conclusion upon the main question. These remarks would not apply to turnpike roads, where the manner of building them is prescribed by law, as far as it relates to omissions and specific requirements; nor to the width, or any other question as to the laying out of roads. But there is no direction by statute in what particular manner they are to be made, and if it was a question of law, when and where railings should be erected, it would also be how wide and with what materials the road or bridge should be made, and how much the hills must be graduated; and the jury would have nothing to do but to take the plan of a good road from the court, and decide whether the road in question would comport therewith. In these actions against a town, there are always two questions. The first is, whether there is any insufficiency or want of repairs in the road or bridge; and secondly, whether any special damage has happened to the plaintiff thereby. The first is a prerequisite for the plaintiff; for unless this is found in the affirmative, he can in no event recover. Both of these questions should be, and it is believed generally have been, left to the jury. In the case, *Noyes* vs. *Morristown,* 1 Vt. Rep. 353, upon the first branch of the case the court charged the jury, " That whether the bridge was insufficient or out of repair was to be determined by them upon view of all the evidence and circumstances in the case;" and although the case went up on exceptions, the propriety of this part of the charge was not questioned.

Indeed no general rule can be established as to railings or other particular qualities of a road, as perfect roads are not required any where. The sufficiency of a particular road is a relative question, to be governed by various considerations, such as the population, travel, kind of travel, natural form of the ground or rocks, and must be left to the sound discretion of the jury, with such advice as the court see fit to give them, as in other cases.

Indeed this question whether the town has neglected to repair the road, would seem to be strictly analagous to other questions of negligence, which numerous cases might be cited to show that the courts submit to the jury to decide as a matter of fact. In the case of *Jackson* vs. *Follett,* 3 C. L. R.

RUTLAND,
January,
1834.

Leicester
vs.
Pittsford.

233, which was for negligently driving a coach, whereby the plaintiff was injured, Lord Ellenborough leaves it to the jury to say, under a given state of facts, what the defendant should have done. He says, " It is true that he might have incurred some danger in stopping ; and the question is, whether he exercised a prudent discretion, if he would have exercised a better discretion in stopping and the accident would have been thereby avoided, he ought to have adopted that course. This is the question for your consideration." In *Wayden* vs. *Lady Carr*, 1 C. L. R. which was for negligent driving, after verdict for the defendant, plaintiff moved for a new trial, because it was proved that defendant's carriage was on the wrong side of the road when the accident happened; and the court say, " That the question in the case was a question of negligence ; of this the jury were the best judges ; and independently of the law of the road, it was their province to determine whether the accident arose from the negligence of the defendant's servant." And in 6 Johnson, 90, it was left to the jury to say whether the defendant had neglected to keep a bridge in good order ; and in *Moore* vs. *Mourgue*, 2 Cowper, Lord Mansfield left it to the jury to decide whether there was negligence upon a state of facts clearly proved. So also as to reasonable time : In *Hay* vs. *Hill*, C. L. R. 152, upon the question whether a bill was seasonably presented for acceptance, the court decided that what was a reasonable time was always to be determined by the jury ; and under the statute for not removing a distress for rent from the premises, what shall be a reasonable time under the circumstances of a particular case, is a question for the jury.—2 Starkie, 496, note. It is true that questions of reasonable time, probable cause, and others of a general nature, are sometimes questions of law, sometimes mixed questions of law and fact, and sometimes of fact alone. But it is believed that it is only when the general terms have received a definite meaning and become technical, that it is for the court to decide whether the facts show the case to be within the technical meaning. But when that is not the case, it is for the jury to draw the inference ; and there can be no pretence that there has been, or can be, any definite rule established of what shall be deemed negligence in a town, as to not repairing a particular road, or what facts shall prove a road in reasonable repair, or the omission of what shall make it unreasonably out of repair. The case of *Holley* vs. *Winooski Turnpike Company* does not

RUTLAND,
January,
1834.

Leicester
vs.
Pittsford.

contravene this position. That was a case stated, and it was decided as if an issue of fact had been put to the court.

Although this objectionable part of the charge followed a request of the defendants to treat the question of railing as a matter of law, yet as the opinion expressed was adverse to the defendants, they have the benefit of the exception.

The judgment of the county court is reversed.