Rutland.
*February,*
1840.

CLARINDA B. GREEN *v.* TOWN OF DANBY.

The decision of a referee, on a question of fact, is conclusive. Whether a highway is ont of repair and whether damage *thereby* happened, are questions of fact.

A road, blocked up with snow drifts four or six weeks, whereby the travel is forced into the ditch, is *insufficient* and *out of repair*.

THIS was an action on the case, to recover damages for an injury to the person of the plaintiff, occasioned by the insufficiency of a highway in Danby.

Plea, not guilty.

The cause was referred, by the county court, and the referee made a special report, as follows.—

" On the trial of the cause, before the referee, it was pro-
" ved, on the part of the plaintiff, that some time in the
" month of March, A. D. 1838, the plaintiff, being in an infirm
" and feeble state of health, was being conveyed in a cutter
" with a covered top, drawn with one horse, and driven with
" ordinary care, along and upon a public highway in Danby ;
" that while she was so passing upon said highway, the cut-
" ter turned over and the plaintiff was thrown out, her ancle
" dislocated and the lower end of the outer bone of the leg
" broken ; that the plaintiff's health was otherwise injured
" thereby and that she had not yet recovered from the iujnries
" received by said accident. It further appeared that the track
" in which said cutter was proceeding, was, at the time of
" the accident, and had been for three or four weeks pre-
" viously, the common travelled track, within the limits of
" said highway, although the track where said accident oc-
" curred was not above and upon the wrought part of the
" road, but inclining on the margin of said road to the ditch
" on the east side of said road, and so continued in the ditch,
" and partly on the side of the road and bank, for fifteen or
" twenty rods ; that, at the place where said cutter turned
" over, the east side of the sleigh-tract was nearly or quite
" one foot lower than the west side, and had been gullied by
" the water from the melted snow ; that the main or wrought
" part of the said highway was and had been blocked up
" with snow, blown into drifts across said road from the
" west, for five or six weeks and had not, in the mean time,
" been broken out ; that, at the time of said accident, which

RUTLAND.
February,
1840.

Green
v.
Danby.

" was between nine and ten o'clock in the morning, the sur-
" face of the snow upon the main or wrought part of the
" said road was frozen into a crust; that the depth of the
" snow thereon varied from one to two feet and the drifts
" inclined to the east; that very little if any snow had been
" blown into said road for three or four weeks previously,
" but that said drifts had been gradually melting away for
" eight or ten days.

" On the part of the defendant, it was proved that said
" road was, ordinarily, in the winter season, extremely liable
" to drift, and in some seasons quite difficult to be kept open;
" that the evening before said accident happened, a double
" and single wagon, each partly laden, passed through said
" drifts and along the main or wrought part of said road,
" without much difficulty, the wheels cutting nearly through
" the snow to the ground, the snow being soft and yielding,
" and that the sleighing, at the time of said accident, was
" mostly gone upon the highways in Danby. In view of
" which facts the referee, intending to decide according to
" law, is of opinion that said highway, when said accident
" occurred, was unsafe and insufficient; that said accident
" occurred wholly from the insufficiency of said highway, and
" that said town of Danby were guilty of negligence in not
" removing the obstruction occasioned by the snow drifts on
" said road and that the plaintiff ought to recover against
" the defendants $225, and her costs."

The defendants excepted to the report, but the county
conrt overruled the exceptions, accepted the report and ren-
dered a judgment thereon for the plaintiff.

The defendants excepted to the decision of the county
court.

*S. Foot*, for defendants.

The referee erred in deciding that the accident, in this
case, occurred in consequence of the insufficiency of the high-
way, it appearing from the report that the sleigh was over-
turned in consequence of going out, and by the side, of the
travelled or wrought part of the road. Towns are not requir-
ed to keep the whole width of their highways (being usually
four rods wide) in a suitable condition for teams, carriages,
&c. to pass over, but only so much thereof as to enable
vehicles of ordinary width to pass over the road and by each
other with convenience and safety.

If a person drive his team out of the travelled and wrought track of the road, even with a view of going with a greater degree of safety, he does so at his own risk, especially when it does not appear but that he might have passed with safety over the wrought track.

*J. C. Dexter*, for plaintiff.

1. Whether a highway is insufficient and whether an accident happened through the insufficiency, are matters of fact, in all cases to be submitted to the triers of facts to determine. *Lester* v. *Pittsford*, 6 Vt. R. 245, and cases there cited.

In this case, the tryer of the facts finds, in substance, that the highway was insufficient, and that the accident in question happened wholly through that insufficiency, which puts the case not only within the meaning, but also within the language of the statute. The tryer of the facts having come to this conclusion upon a matter of fact, this court is not at liberty to alter or vary that conclusion.

2. The defendant contends that the plaintiff, at the time when the injury occurred, was not on the wrought part of the road, and, consequently, ought not to recover. To this the plaintiff says, that if there is an obstruction in a highway, either in consequence of a snow drift or any thing else, and a town, after a reasonable time for removing the obstruction, allows it to remain and individuals, in order to get along, are obliged to go around the obstruction, and are injured thereby, the town is liable, because, otherwise, towns, by neglecting to do their duty, would exonerate themselves from all liability. When a road is injured by storms, towns are allowed a reasonable time to remove obstructions, and, if after a reasonable time, the obstructions are not removed, they are liable for all damages that are occasioned in consequence of such obstructions. *Briggs* v. *Guilford*, 8 Vt. R. 264.

The obstruction, in this case, had remained in the highway in question from five to six weeks, and all the travel, during that time, had been in the place where the accident occurred, and, as the obstruction was occasioned by snow drifts, the plaintiff could not know in what part of the highway the wrought part of the road was. Ordinary care or common discretion would dictate her to drive where other people had driven, to go in the path that was, *de facto*, the road.

The town should have removed the obstructions, or snow drifts, immediately, and had they so done, the accident would not have happened.

The opinion of the court was delivered by

COLLAMER, J.—The decision of a referee on a question of fact is conclusive. The issue, in this case, was, whether the plaintiff was injured from the *insufficieucy* of the highway. The referee reports that the highway was insufficient and out of repair. This was a question of fact. *Lester* v. *Pittsford*, 6 Vt. R. 245. He also reports, that the plaintiff's damage accrued from that insufficiency. This, also, was a question of fact.

It may possibly be said, that if a referee report other facts, absolutely inconsistent with his main conclusion, it may be cause for setting aside his report. Does this report contain such? It appears, from the report, that the main path had been blocked up with drifts of snow from four to six weeks, which had crowded the travel into the ditch. This, so far from showing the road sufficient, shows the most gross neglect on the part of the town. The report further shows that the evening before the plaintiff's injury, two wagons, partly loaded, went through those drifts, the wheels cutting through to the ground, and the next morning, when the plaintiff was passing, the snow was hard frozen. Now this description, so far from showing the road sufficient or safe for the plaintiff to pass with her cutter, showed directly the contrary. It appears the plaintiff was going in a covered cutter when the sleighing was going off and so was compelled to pick her way on such snow as remained. This was a circumstance tending to show a want of ordinary care, by the plaintiff, in using an improper vehicle. But it is a circumstance no way conclusive. We perceive no error in the report, even in matter of fact, and clearly no *error in law*, and to that alone are we confined.

Judgment affirmed.