## COUNTY OF ORLEANS,

APRIL TERM, 1847.

[Continued from Vol. 19, page 586.]

---

PRESENT,

Hon. ISAAC F. REDFIELD, ⎫
Hon. DANIEL KELLOGG, ⎬ ASSISTANT JUDGES.
Hon. CHARLES DAVIS, ⎭

---

## IRA SESSIONS *v.* TOWN OF NEWPORT.

*Sufficiency of highway. Question for jury. Practice.*

In an action against a town, to recover for injury alleged to have been occasioned by the insufficiency of a highway, the question, as to the sufficiency of the travelled path of the highway, is one of fact, to be determined by the jury.

In a case of this character, in which there is conflicting evidence as to the condition of the road and the prudence exercised by the plaintiff at the time of receiving the injury, it is error for the county court to charge the jury, as matter of law, that the defendants are entitled to a verdict, if the travelled path was well beaten to such a width, that the plaintiff might conveniently have passed at any specified distance from its margin, at which the injury was received.

XXIII.        2

---

---

In all questions depending upon a general inference from a multiplicity of partic-
ular facts, the inference is always one of fact, unless the law has established
some fixed rule, or the inference is one, which admits of no doubt. In such
cases the court may determine it, as matter of law, as they do other cases,
where the tendency of the testimony is all in one direction. But in all cases
of doubt, of this character, and where the law has fixed no rules, the inference
is one to be made by the jury.

TRESPASS ON THE CASE, to recover for an injury to the plaintiff's
horse, alleged to have been occasioned by the insufficiency of a
public highway. Plea, the general issue, and trial by jury, Decem-
ber Term, 1843,—ROYCE, Ch. J., presiding.

At the time the injury complained of was received, which was
January 12, 1842, one Thrasher was driving the horse in question,
harnessed to a single sleigh, early in the morning, after it had be-
come light, but before sunrise. The place where the injury was
received was at or near the foot of a small descent in the road, and
where the road curved a little to the right, and just before it turned,
at an angle of about thirty degrees, to the left, as the horse was then
travelling. The road, at the place in question, had been constructed
upon land declining to the left, so that the left side of the road was
raised by wharfing and filling about two feet above the natural sur-
face of the road, and a wharfing log, or guard, was laid upon the
outer edge of the wrought road. The left side of the road, at that
place, had become a little lower than the opposite side, and the
travel had so inclined to the left side, after the travelled path had
risen to a level with the top of the wharfing log and the log had be-
come buried in the snow, that for several feet sleigh runners had
passed upon some portion of the log, and horses had travelled upon
it. Outside of the wharfing log, timber and brush had been thrown,
when the road was constructed, a few years previously, and a large
log was lying there, with one end nearly in contact with the outer
edge of the road, and the other a few feet distance from it; and be-
fore the time in question, the snow had accumulated to such a
depth, as to present an apparently even surface between this log and
the side of the travelled path. The snow in the road, out of the
beaten track, was then somewhat more than one foot deep. The
horse was not driven at an unreasonable speed, but he was passing
so closely upon the left edge of the travelled path, that immediately

before the accident he stepped twice a little out of the path into the bank of snow, but struck upon firm ground and recovered; but the third time of stepping out he struck the outer side of the wharfing log, and did not regain the road, but his leg was broken in his struggles among the logs and brush. This step was not more than four inches from the left edge of the beaten track.

The defendants proved, that the road, at the place in question, was well made, over one rod wide, and little, if at all, subject to drifts; that it had been broken out near the centre twice that winter, before the time in question, and immediately after heavy snows had fallen; and that, at the time in question, there was a well beaten track in the road, along at and near the place in question, from five to seven feet wide.

The court charged the jury, among other things not excepted to, that if they found, from the evidence, that the road, at the time and place in question, was well beaten to such a width, that the horse might as conveniently have been driven in a line eighteen inches, or more, from the left extremity of former travel, as in any other part of the road, they ought, under the circumstances of the case, to return a verdict for the defendants.

Verdict for defendants. Exceptions by plaintiff.

*J. Cooper* and *S. B. Colby* for plaintiff.

*B. H. Smalley* and *E. G. Johnson* for defendants.

By THE COURT. The only question in the case is, whether the rule laid down to the jury was decisive of the case. If not, the plaintiff is entitled to a new trial; for the jury were expressly told, that they might decide the case upon that point; so that, whatever else they might have been told, if this in itself was not decisive of the case, then there was error.

If the rule laid down was correct, it was because it shows, either that the road was not out of repair at that point, or that the injury did not happen in consequence of any such want of repair, or that the plaintiff was himself guilty of some want of ordinary care and prudence. It is certainly difficult to see, how it settles either of these questions. It certainly does not establish the question of the

sufficiency of the road at that point. If so, the sufficiency of any road is easily established; for there are few cases, where injuries accrue in consequence of holes in roads, or bridges, or of inequalities in the surface. of roads, that the party might not have varied, either the one way, or the other, as much as eighteen inches, and thus have escaped the injury. In ordinary cases it would be absurd to maintain any such rule, as *matter of law*. As matter of *fact*, it might be very conclusive in the present case, or it might not; but it is mere fact, after all, and, as such, so far as it affected the sufficiency of the road, should have been submitted to the jury,—as has always been done heretofore.

The decision recently made in the case of *Rice* v. *Montpelier*, [19 Vt. 470,] can have no effect upon the present case; for that case goes merely upon the ground, that towns are not bound to keep the ditches in such a state of repair, that travellers may use them, instead of the travelled path, at will.

In every case reported, the sufficiency of the travelled path has been considered a question of fact for the jury. This is expressly held in *Leicester* v. *Pittsford*, 6 Vt. 245, in regard to the necessity of a railing,—the county court having held, that one was necessary. So, too, in *Green* v. *Danby*, 12 Vt. 338, where the town had suffered the path to go in the ditch, by reason of the deep snow. The case of *Richardson* v. *R. & W. Turnp. Co.*, 5 Vt. 580, seems to favor the same result, although very loosely reported. This course has been very uniformly followed, in trials in the county court, for the last twenty years. *Noyes* v. *Morristown*, 1 Vt. 353. In *Kelsey* v. *Glover*, 15 Vt. 708, a doubt is expressed, whether the court will not, in some cases, decide the sufficiency of a road, as matter of law; but no such decision was then made; and the case of *Holley* v. *Winooski Turnp. Co.*, 1 Aik. 74, cited in support of that proposition, was a case stated, and decides no such question; and if it did, it is overruled by *Leicester* v. *Pittsford*,—both being questions in regard to the necessity of a railing.

We do not say, that on a special verdict, or a case stated, finding all the particular facts, this inference of sufficiency may not be made by the court; for such inferences may be drawn by the court, —but yet it will not do to charge the jury, that the inference is one of law; for it is one of fact, like that of intention, or residence.

But should the jury report all the specific facts, and then draw the inference of fact, the court are bound by it always, we think.

In all questions depending upon a general inference from a multiplicity of particular facts, the inference is always one of fact, unless the law has established some fixed rule,—as six months' notice to quit, or sending notice of the dishonor of a bill by next post,— or where the inference is one which admits of no doubt, so that it will strike all minds alike. In such cases the court may determine it, as matter of law, as they do other cases, where the tendency of the testimony is all in one direction. But in all cases of doubt, of this character, and where the law has fixed no rule, the inference is one to be made by the jury ;—such are questions of due diligence, skill, reasonable time, probable cause, intention, &c.

In the present case, it will not be contended, that the law has established any such rule, as that laid down in the county court. The decisions are all the other way. If the case, then, was correctly determined, it must be upon the other ground, that is, that it is one of no doubt. Is that the case here ? Upon the question of the sufficiency of the repair, it seems to us not to be of that character. It may be a strong case for the defendants, but is it one, where the testimony is all one way ?—where there is nothing tending to show want of repair ? It is not obvious to us, how this is the case. The same may be said, as to its showing due care in driving. The case does not seem to be free from doubt on either point; and if not, it was matter of fact for the jury.

Judgment reversed and case remanded.