HON. ASA O. ALDIS,
HON. JAMES BARRETT, } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG,

---

CALVIN HILL, *Administrator of* GEORGE H. EAGER, *v* TOWN OF NEW HAVEN.

*Highways. Pleading. New Trial.*

A party having suffered injury by the insufficiency of an highway, is not bound to establish in the outset as a distinct affirmative proposition, that he was guilty of no negligence on the occasion.

The question whether his negligence contributed to his injury is one of fact for the jury.

Where the declaration in an action for damages, under §§ 15, 16, 17, ch. 52, G. S., alleged the time of the decease of the party, which was within two years before the commencement of the action, without specifically alleging that it was within two years before the action was commenced, it was *held*, sufficient after verdict.

The power of the supreme court to grant new trials on the ground that the verdict was against the weight of evidence, should be confined to the court before which the case was tried. POLAND, Ch. J.

.ACTION ON THE CASE to recover damages for the death of the plaintiff's intestate alleged to have been caused by the insufficiency of a certain highway in the town of New Haven. Plea, the general issue, and trial by jury, June Term, 1864, PIERPOINT, J., presiding.

On trial the plaintiff asked leave to enter a non-suit on the second count in his declaration, to which the defendant objected, but the court granted the request, and a non-suit in that count was entered. The defendant then objected to the plaintiff's proceeding to trial on the remaining count, upon the ground that he could not legally do so. This objection also was overruled.

It appeared, and was not disputed, that the plaintiff's intestate, George H. Eager, while on his way from Bristol to Middlebury village, where he resided, driving a pair of horses attached to a wagon, on a highway in the town of New Haven, went with his team off from the highway into the New Haven river, and was drowned; that he left a wife and two children, one of the children having since deceased; that the plaintiff is the administrator on his estate, and that due and reasonable notice was given by the plaintiff to the defendant that the claim for damages embraced in this action would be made.

The legal duty of said town to keep said highway in repair was conceded, and the plaintiff's testimony tended to show that the highway at the place where the accident occurred was at that time out of repair, and insufficient in the following particulars: That it was at the place of the accident too narrow, and too near the margin of the river; that there were no barriers or landmark on the river side at that place, nor for a considerable distance on each side, to indicate where the road was, when covered with water, or to prevent travellers from driving off into the stream; that suitable means of discharge for the water from adjacent lands were not provided, whereby the road might be kept free from water so as to be discernable, and that loose boards that had been by this freshet forced from the fence at the place of the accident, were lying across the road, and were floating on the water in it, and calculated to frighten horses and cause them to shear off into the river.

There was evidence tending to show that one of Eager's mares that he was driving when the accident happened, was high spirited

and difficult to manage in some places; that Eager had notice from one Nash that there was probably water in the road at the point where he was afterwards drowned, and if there was it would be dangerous to go that way; that Eager and Johnson, who was with him, stopped three times after driving into the water to examine the way; that the catastrophe happened at about sunset.    Other facts are stated in the course of the opinion of the court.

The defendant requested the court to charge the jury, among other things, that, upon the uncontradicted testimony in the case respecting the circumstances attending the occurrence of the accident in question, the plaintiff was not entitled to recover.

That there was no testimony in the case tending to show that the plaintiff's intestate was, on the occasion in question, in the exercise of that degree of care and prudence which was requisite to entitle the plaintiff to recover, even if the highway was out of repair and insufficient.

That if the mare of Eager was fractious and difficult to manage in places of difficulty, as stated by Eager to J. R. Nash, then the attempt to pass through the water at the time in question, was an act of imprudence and negligence in itself, such as to preclude a recovery by the plaintiff.

But the court refused so to instruct the jury, and did (among other things not excepted to) charge that the question of the care and diligence of Eager, upon the occasion of the accident, was for the jury to determine.    That if the negligence, carelessness or imprudence of Eager, or his companion, contributed in any degree to occasion the accident, the plaintiff could not recover, even though the road was ever so insufficient, and the accident occurred in consequence of the insufficiency.

That if he was acting imprudently, or doing what a man of ordinary care would not have done, and thus contributed in any degree to occasion the accident, the plaintiff could not recover.

That it was for the jury to say whether it was an act of prudence or negligence on Eager's part in going there and attempting to pass. That in determining this question, the jury should look at the case just as a man would who was placed in the same circumstances that Eager was.

The jury were further told, that on the question of negligence on the part of Eager, the character of his team was to be taken into consideration, as well as the condition of the road, for it might be prudent to attempt to pass there with a perfectly gentle horse, when it would not be so with a horse which was otherwise, and if the horse was an improper one to be taken there, or was such as to render the attempt to pass unsafe, though otherwise safe, and Eager knew it, and the accident occurred on that account, the plaintiff could not recover. Verdict for the plaintiff.

After verdict and before judgment, the defendant moved in arrest of judgment for the insufficiency of the plaintiff's declaration. It was claimed that the declaration should have specifically alleged that the plaintiff's intestate died within two years before this suit was commenced, whereas it only alleged the time when the injury was received and when he died, which was within two years before the commencement of the action. This motion was overruled. To the decision of the court in allowing the plaintiff to enter a non-suit on the second count in his declaration and to proceed to trial on the other count, to the refusal to charge as requested, and the charge as given in regard to the defendant's said requests, and to the decision of the court overruling the defendant's motion in arrest, the defendant seasonably excepted.

*George F. Edmunds* and *E. R. Hard*, for the defendant.

I. The jury should have been instructed in conformity with the defendant's *first* and *second* requests.

It will not be denied that if Eager's negligence contributed in the least to occasion the accident by which he lost his life, the plaintiff is not entitled to recover.

And it is equally clear that the burden of showing that Eager was in the exercise of due care and prudence, or rather, that he was not guilty of imprudence, on the occasion in question, is on the plaintiff. *Barber* v. *Essex*, 27 Vt. 62 ; *Hyde* v. *Jamaica, ib.* 443 ; *Gahagan* v. *Boston & Lowell R. R. Co.*, 1 Allen, 187.

The question therefore is :—did the testimony on the part of the plaintiff, have any tendency to show that Eager was not guilty of negligence on that occasion ? We insist that it did not ; but, strongly tended to prove the contrary.

·We insist that upon the testimony it was not only the right, but the plain *duty* of the court, to tell the jury that the plaintiff was not entitled to recover. 1 Hilliard on Torts, 132, 133 ; *Fox* v. *Glastenbury*, 29 Conn. 204 ; *Wilds* v. *Hud. Riv. R. R. Co.*, 2 Am. Law Reg. 76 ; 24 N. Y. 431 s. c. ; *Gahagan* v. *Boston & Lowell R. R. Co.*, 1 Allen 187 ; *Lucas* v. *New Bed. & Taunton R. R. Co.*, 6 Gray, 64 ; *Barber* v. *Essex, supra ; Foot* v. *Wiswall*, 14 Johns. 304, *per cur ; Blyth* v. *Co. of Proprietors, &c.*, 11 Exch. 781 ; *Strow* v. *O. & S. R. R. Co.*, 18 N. Y. 422 ; *Briggs* v. *Taylor*, 28 Vt. 181 ; *Teefer* v. *R. R. Co.*, 3 Am. Law Reg. 665.

II. The defendant's *third* request should have been complied with. If Eager's mare was " hard to manage " and " fractious in a tight place," no prudent person knowing it, would have attempted to drive her through the water at the place and ·on the occasion in question.

III. The statute in question gives a right of action in a case in which it did not exist at common law. It does not, as in the case of ordinary statutes of limitations, regulate *existing* rights and remedies, but the *sole* foundation of the plaintiff's right is that which the statute creates.

Now the *express condition* or qualification of the plaintiff's right to redress, is that he shall prosecute within two years. It is not a *negative* statute enacting that no action shall be maintained unless, &c., but the newly created right is qualified by requiring *affirmatively* in *the same statute that created it*, the performance of an act, without which no right is given at all.

The cases of *Mayor of Salford* v. *Ackers*, 16 M. & W. 85, and *Hall* v. *Bumstead*, 20 Pick. 2, are decisive on this question.

IV. If, upon the testimony, the court was warranted in submitting the question of Eager's negligence or prudence to the jury, the jury should have returned a verdict for the defendant, and the verdict for the plaintiff being manifestly *against the evidence*, should be set aside, and a new trial granted.

The power of this court to grant a new trial for the cause above mentioned, is unquestionable. G. S. p. 333.

*J. W. Stewart* and *E. J. Phelps*, for the plaintiff.

I. The ruling of the court allowing the plaintiff to enter a non-

33

suit on the second count, and to proceed on the others, affords no ground for a new trial.

It was purely a matter of discretion, and is not revisable here. *Squires* v. *Burgess*, 31 Vt. 466.

II.  The charge of the court, relative to the alleged negligence of Eager, was in all respects correct.  This is an inference of fact for the jury.  *Leicester* v. *Pittsford*, 6 Vt. 247 ;  same case, 7 Vt. 162 ; *Hunt & Wife* v. *Pownal*, 9 Vt. 418 ; *Kelsey* v. *Glover*, 15 Vt. 714 ; *Allen* v. *Hancock*, 16 Vt. 230 ; *Rice* v. *Montpelier*, 19 Vt. 470 ; *Cassedy* v. *Stockbridge*, 21 Vt. 391 ; *Willard* v. *Newbury*, 22 Vt. 458 ; *Sessions* v. *Newport*, 23 Vt. 10 ; *Morse* v. *R. & B. R. Co.*, 27 Vt. 54 ; *Hyde* v. *Jamaica, ib.* 466–469 ; *Vinton* v. *Schwab*, 32 Vt. 612.

The only exception to this rule is in cases where the inference to be drawn from circumstances, upon a question of this character, is so plain and clear as not to admit of discussion or rational doubt. But to come within this exception, the inference deduced must be the necessary and unavoidable result of the agreed facts.  A strong case is not enough.  The evidence must have no legal tendency to sustain any other inference.  *Briggs* v. *Taylor*, 28 Vt. 181.

There can be no reasonable pretence for bringing the present case within the narrow exception thus indicated.

III.  The petition for a new trial should be dismissed with costs.

The general rule on the subject of granting new trials for verdicts against evidence, is well settled.

They are rarely granted, and only in cases of manifest and flagrant injustice.  If there is *any* evidence to sustain the verdict, it will not be disturbed.  It must be *clearly* against evidence.  It is not enough that the court think that the verdict is wrong.  It must appear from all the evidence that it *cannot* be right.  Every intendment is in its favor.  And it must be clear that the jury acted from bad motives or under gross mistake.  Graham & Waterman on New Trials, p. 1239, 1240, 1295, and 1283 to 1287 ; *Alsop* v. *Com. Ins. Co.*, 1 Sumner, 451.

A new trial on this ground should never be granted, except by the judge who tried the case, or at least with his concurrence.

IV.  The motion in arrest of judgment was properly overruled. *Snow* v. *Parsons*, 28 Vt. 459.

Hill, Adm'r, *v.* New Haven.

POLAND, Ch. J.  All the requests made by the defendant's coun-
sel called upon the court to decide as matter of law, that the plaintiff
was not entitled to recover against the town, because his own testi-
mony proved that the negligence or carelessness of his intestate con-
tributed at least, to produce the injury by which he lost his life ; and
it is claimed that the refusal of the court to comply with these re-
quests, and thus take the case away from the consideration of the
jury, is a sufficient allegation of error against the judgment below.

In the first place it is said, that the plaintiff at least gave no af-
firmative proof that Eager's conduct and management on the occa-
sion was careful and prudent, or that he was not guilty of negli-
gence or imprudence ; and it is claimed that such affirmative proof
was necessary in order to make a *prima facie* case for the plaintiff.

We do not consider this proposition strictly correct ; that in this
class of cases for injuries caused by insufficient highways that the
plaintiff is bound to establish as a distinct affirmative point in the
outset, that he was not guilty of negligence or want of care in his
own conduct or management, in order to show an apparent right of
recovery.

It is abundantly settled in such cases, that if the negligence or
carelessness of the person injured, contributed in any material degree
to the production of the injury he complains of, he cannot recover.
That if the town is guilty of negligence in allowing the highway to
be defective, and a party sustains an injury partly by reason of the
defective highway, and partly by reason of his own negligence and
omission of duty, he cannot recover.

This principle is not at all peculiar to this class of cases against
towns ; it applies equally to cases of collision between two travel-
lers on a highway, or between vessels on the water ; indeed it is
nearly, if not entirely, universal in all cases where one party claims
to have suffered a damage by the carelessness or negligence of an-
other.

But this is a question as to the burden of proof merely ; is the
plaintiff bound to establish in the outset, as a distinct affirmative
proposition that he was guilty of no negligence on the occasion?
We think he is not.  The defect in the highway being conceded or
proved, the plaintiff is bound to give sufficient evidence to establish

*prima facie*, that he sustained an injury by reason of such defect. If the plaintiff's own evidence shows that his conduct on the occasion was careless or negligent, and that such carelessness or negligence aided or contributed to the injury he received, he establishes a defence to his action by his own evidence, as much as if the same fact were proved by the defendant. But if the plaintiff's proof discloses nothing but that his conduct at the time was proper and prudent, he is not bound to go farther, until this has been impugned by some evidence on the other side. The plaintiff in such case is bound to make out affirmatively, that his damage was caused by the defect in the highway in order to recover. Evidence which proves affirmatively that the injury was caused by the defect in the highway, must necessarily to a certain extent show negatively, that it was not caused by anything else.

To this extent, and this only can it be said, that the burden of proof is on the plaintiff in such a case, to show in the outset of his case, that his own negligence did not cause, or contribute to his injury.

The true rule on this subject was laid down by PHELPS, J., in the early case of *Lester* v. *Pittsford*, 7 Vt. 158, where he says : " It was not incumbent upon the plaintiff to negative the charge of negligence or imprudence on his part, such proof being properly matter of defence."

Nor do we understand that what is said by REDFIELD, Ch. J., in the case of *Barber* v. *Essex*, 27 Vt. 62, varies substantially from what we now hold ; and in that case it is to be noticed that a specific request was made upon the court to charge, that the burden was upon the plaintiff to show that he was exercising due care at the time the accident occurred, which was not complied with, but still the judgment was affirmed.

The principle contended for, that a plaintiff should be compelled in advance to furnish evidence of the propriety of his own course of conduct, before any offer or attempt has been made to impeach it, seems quite contrary to the general rule of legal presumption which is always applied in other cases, to human conduct, that it will be presumed rightful and proper until the contrary is made to appear.

We are aware that in some modern cases of actions against rail road companies for injuries sustained by collision with the engines and cars running upon their own track, it has been decided that the plaintiff must himself show affirmatively that he was himself guilty of no negligence whereby the collision was produced; such are the cases of *Gahagan* v. *B. & L. R. R. Co.*, 1 Allen 187, and *Telfer* v. *Northern R. R. Co.*, in N. J. 3 Am. Law Reg. 665.

It is manifest that there may be reasons for applying a different rule to this class of cases, from the fact that the cars and engines of the road run upon a fixed and permanent track that cannot be deviated from, and from the peculiarly dangerous and uncontrollable power by which they are operated, so that a person who has placed himself within their range and power might properly be called upon to explain by his evidence how he came there before receiving damages for his injury. Whether in such cases a rule of evidence shall be adopted varying from that in general use between ordinary parties, we have no occasion to decide; it is enough for this case to say that we see no ground for its adoption in cases like the present, and the long and uniform course of trials of such actions in this state has shown no necessity for it.

But if the plaintiff was bound to show affirmatively that the conduct of his intestate on the occasion was that of a careful and prudent man, we do not well see how the court could properly be called upon to decide whether he had proved it, and this is substantially the same question presented by one of the defendant's requests, which was in substance that the court should decide that the plaintiff's evidence proved negligence and carelessness on the part of his intestate.

The court below were clearly right in refusing to treat the question as one of law for them to decide, when it had so repeatedly and uniformly been decided that in these cases, whether the plaintiff was so in fault that he had contributed to his own injury and could not recover, was a question of fact to be submitted to, and decided by the jury.

Whether it was an act of common prudence for the plaintiff's intestate to attempt to drive over this road at all, and whether in making the attempt he managed in a prudent manner, or in the best

manner, depended upon a great variety of facts and circumstances. It is not claimed that the law has established any rule of conduct in such cases, except the general one that the party shall conduct like a prudent and reasonable man.   Now the question of prudent and rea-sonable conduct, in a case depending upon a variety of considera-tions, facts and circumstances, is one peculiarly for the consideration of a jury, depending upon experience, judgment and discretion for its decision.   It is much like the question whether a highway is suf-ficient or not; if the evidence as to its actual condition be entirely undisputed, the court will not undertake to decide as matter of law, whether it is sufficient or not, because it is wholly a question of judgment and experience, and is dependent on many considerations, as to the amount and kind of travel to go over it, the natural safety or danger of the place, &c.   Many attempts have been made to turn the question into one of law for the court to decide, but they have been uniformly unsuccessful.   See *Sessions* v. *Newport*, 23 Vt. 9 ; *Cassedy* v. *Stockbridge*, 21 Vt. 391.

In *Sessions* v. *Newport*, the court say " in all questions depending upon a general inference from a multiplicity of particular facts, the inference is always one of fact, unless the law has fixed some estab-lished rule.   But in all cases of doubt of this character, and where the law has fixed no rule, the inference is one to be made by the jury, such are questions of due diligence, skill, reasonable time, probable cause, intention, &c."

This very point, and in a case of the same character as this, is very clearly elucidated by ELLSWORTH, J., in *Williams* v. *Town of Clinton*, 28 Conn. 266.

The only case in this state to our knowledge where the court have taken it upon them to decide that a particular course of conduct was or was not according to the requirements of common prudence, is the case of *Briggs* v. *Taylor*, 28 Vt. 180.   In that case the court de-cided that it was not exercising proper care, for an attaching officer to leave carriages and wagons standing in an open field through the winter, and that it was error in the court to leave it to the jury to say whether it was reasonable and prudent.   The court held that this was a case where by the common and universal experience of all men, such property must be exposed to and injured by the storms of

winter, and by the common and inevitable course of nature such must.be the result, and could not be otherwise, and that no reasonable man could expect or believe otherwise.

In a simple case involving no combination of facts, and where by the fixed course of nature, like the law of the seasons, there could be but one result and one opinion, we see no reason to question the propriety of this decision, but it affords no ground for the defendant to stand upon in the present case.

The defendant's third request was properly refused for the same reason. It was an attempt to turn the case from one of fact for the jury, into one of law for the court, by adding another fact, when all were questions of fact, and not of law. If the case was one proper to be submitted to the jury at all, no question is made but that the instructions given were proper, and all the case required.

The motion in arrest was properly overruled.

The statute giving an action in cases like the present, to the representative of the person whose death has been caused by the wrongful act, neglect or default of another, provides that such action shall be commenced within two years after the decease of such person.

The declaration in this case states the time when the injury was received and the death of the plaintiff's intestate occurred, and this time is within two years before the commencement of the action, but it is not specifically alleged that it was within two years.

The argument of the defendant is, that the plaintiff in his proof would not be bound by the day alleged in the declaration, and that he might prove it to have been more than two years before the commencement of the suit, and thus entitle himself to recover contrary to the provisions of the statute.

If this provision of the statute is to be regarded the same as the ordinary statute of limitations, which must be specially pleaded in order to entitle a party to avail himself of it, there would be considerable force in the objection. But we do not regard it as having precisely that character, but as an absolute bar not removable by any of the ordinary exceptions or answers to the statute of limitations. So if upon the declaration it appeared that the death happened more than two years before the commencement of the action, the declaration

would be bad upon demurrer, and the plaintiff could not answer that he was not bound by the day, and might on trial prove it to be within two years, nor would the defendant in such case be compelled to plead the statute. And so if it be alleged within two years, and on trial is proved to be more than two years before the commencement of the action, the defendant would be entitled to a verdict for that reason.

Whether this declaration would have been sufficient on demurrer, we are not called upon to decide, but after verdict we have no hesitation in upholding it, both upon the ground of the allegation of time being sufficient, and also that it was a necessary fact to be proved on the trial in order to enable the plaintiff to recover, and after verdict it would be presumed to have been proved, if the time had not been alleged at all.

It only remains to consider the question presented under the petition for a new trial. This is based upon the alleged ground that the verdict was contrary to, and unsupported by the evidence. It was decided by this court at the last general term, in the case of *Northfield Bank* v. *Brown*, that under our present statute, this court have the power to grant new trials for the cause alleged in this petition, but it was said in that case "the court will not set aside a verdict as being against the weight of evidence, except when it is clear that the verdict is wrong, and not warranted by any fair construction of the evidence, and when there is no room for difference of opinion in fair judgment as to which way the verdict should be. If there is any conflict of evidence, and any reasonable ground for doubt on the evidence which way the fact is, the verdict is conclusive." These observations as applied to the exercise of the power of this court to grant new trials for such cause we think are none too strong; indeed in our judgment the power to grant new trials for this cause should be confined to the court before which the case is tried, who saw the witnesses, and heard them testify, and not be entrusted at all to another tribunal, who have only a meagre outline of the case afforded by the judge's notes of the evidence taken at the trial.

The strong ground of the defendant, as to the negligence of Eager, is, that he ought not to have attempted to pass over the road

at all, in the condition it was, covered with water, and running along by the margin of a swollen stream ; that it was rash and fool-hardy to make the attempt, and was itself negligence, or worse. It does not appear that the depth of water upon the road was such as of itself to have made the attempt to pass very dangerous ; it was about up to a horse's body in the deepest place, and only about up to a horse's knees at the place of the accident. Nor does it appear that the current of water over the road was such as to incur any danger of the team being swept off by it into the river. The great danger, if there was great danger, was in their not being able to distinguish the track of the road and keep upon it, covered as it was with water. The ability to do this would depend very much upon the degree of familiarity and acquaintance Eager had with the road, and the objects visible in the vicinity of the road. It seems he lived in the vicinity, and may fairly be assumed to have been well acquainted with the road, and to be able to judge by appearances as to the depth of water upon it, and he had passed over the road once on that same day.

But there does not seem to have been any inability to keep upon the road, or that he departed from the ordinary path at all, until he came to the boards one end of which had been detached from the fence and swung across the road upon the water, and he had already passed the deepest water and come to where the water was comparatively shallow. These boards across the road were undoubtedly the real cause of the disaster, and but for them Eager would have passed through safely. These boards lying on the surface and reaching nearly to the bank of the river prevented the team from passing, and being swayed and agitated by the water doubtless irritated and frightened the horses, and made them to some extent less manageable.

It does not appear that the condition of these boards was known to Eager when he entered upon the road, or that he had any reason to suppose that he should meet any such obstruction to his passage. Nor does it appear that these boards could have been, or were seen by him until he approached them.

We are therefore unable to say that it was unreasonable and imprudent to attempt to pass over the road under the circumstances, or

to say that the jury were wrong in finding that it was prudent and reasonable.

It was conceded that Eager was usually a competent and skilful manager and driver of horses, but the defendant claimed that on this occasion he had drank ardent spirits to such an extent as to disqualify him to exercise his usual skill.

We cannot say from the evidence that Eager was at all deprived of his ability to drive with skill and judgment, by the use of spirits. It was claimed that one of the horses driven on the occasion was irritable and fractious, and that it was imprudent to attempt to drive such a horse through the water, even if a steadier and milder tempered one might have been driven with safety.

We cannot say from the evidence that Eager's mare was anything but a high spirited, ambitious, active animal, nor that in the hands of a skilful driver accustomed to drive and manage her, it was not as safe to drive her over this road as one of less spirit and activity.

Upon the whole case, we think the questions upon which its proper decision rested, were eminently proper to be submitted to the determination of the jury ; that they were properly and carefully submitted to them ; and we are unable to say they were not rightly decided.

The judgment is affirmed, and the petition for new trial dismissed with costs.