## JAMES CAMPBELL v. TOWN OF FAIR HAVEN.

*Highway.   Incorporated   Village.   Sidewalk.*

1.  A town, before the act of 1880, was liable for an injury caused by the insufficiency of a highway within the limits of an incorporated village, although the highway was under the care and oversight of the trustees of such village, the town merely having neglected to appoint a highway surveyor, but had never surrendered its control over the said highway.
2.  Notice of a sudden and unforeseen defect in said highway to one of the trustees was not notice to the town.
3.  A sudden defect occurred in the highway at six o'clock in the afternoon, and the accident, three hours later. *Held*, that the town was not liable, unless it knew of the defect, or ought to have known of it; and that it should have been submitted to the jury whether the town was in default in not having obtained knowledge of such defect sooner.
4.  Opening a hydrant and permitting the water to run were the cause of the defect in the highway. A witness, who had frequently seen the hydrant opened on other occasions in a similar manner, was asked whether his previous knowledge of the situation and results of the opening of the hydrant would have informed him of any liability to danger in front of it. *Held*, inadmissible.

ACTION, case for injury on the highway.  Plea, general issue. Trial by jury, September Term, 1881, VEAZEY, J., presiding. Verdict and judgment for the plaintiff.  The case is stated in the opinion, except one question as to the admission of evidence, which is as follows:

One of the trustees of the village, Peck, while being examined as a witness on the part of the defendant, after having testified that he had frequently seen said hydrant opened on said previous occasions, was asked the following two questions by the defendant:

From the experience you have had and observation in reference to the opening of this hydrant on previous occasions in a similar way, suppose your attention had been called to the fact that it was open on the evening of the 24th of December, would you have had any reason to have supposed that any damage existed in reference to the sidewalk?

Whether the knowledge of the opening of the hydrant in view of your previous knowledge of the situation and results of the

opening of the hydrant on other occasions would have informed you in any respect of any liability to danger in front of it ?

*George M. Fuller* and *Prout & Walker*, for the defendant.

Lewis, as one of the trustees, did not occupy a position in reference to the streets of the village which justified the withdrawal from the jury of all questions concerning notice to the town authorities.

A sudden imperfection in a highway, like that in question, is not a defect the consequences of which must fall upon the town unless the proper town authorities either knew it or ought to have known it, and having knowledge or means of knowledge, failed in their duty. The action is founded on negligence. Notice, actual or constructive, is essential. *Ozier* v. *Hinesburgh,* 44 Vt. 220 ; *Prindle* v. *Fletcher,* 39 Vt. 255 ; Wharton on Negl., ss. 962, 963, 964, 980.

The question of negligence, on the part of the town in not knowing of the defect should have been submitted to the jury. *Briggs* v. *Guilford,* 8 Vt. 264.

*J. B. Phelps,* for the plaintiff.

There can be no question but that notice to any one of the village trustees, of the defect in the highway, was notice to the defendant town. The village is a distinct highway district within the defendant town, under the charge and control of the trustees. The trustees are authorized by the charter to direct the expenditure of all the highway taxes assessed within the village ; and to lay out, alter and discontinue highways within the village.

Section 2 of the village by-laws provides that, " It shall be the duty of the trustees to see that the highways and walks in said village are at all times kept in proper repair." *Bennington* v. *Smith,* 29 Vt. 254 ; *Landon* v. *Rutland,* 41 Vt. 681 ; *Dickinson* v. *Rockingham,* 45 Vt. 114 ; *Mathews* v. *Turnpike Co.,* 24 Vt. 484 ; *Batty* v. *Duxbury,* 24 Vt. 161 ; *Brooks* v. *Somerville,* 106 Mass. 274.

22

Campbell *v.* Fairhaven.

The opinion of the court was delivered by

ROYCE, Ch. J.   This was an action on the case brought to re cover for injury upon a highway.   It was admitted that the highway where the injury occurred was one that it was the duty of the defendant town to maintain in good and sufficient repair.

The injury complained of was received at about 9 o'clock in the evening of the 24th of December.   The defect in the highway, where the injury occurred, was occasioned by the act of one of the trustees of the village of Fair Haven, having opened a hydrant at about 6 o'clock of the same evening, and suffering it to remain open for a short time, whereby the water which flowed from said hydrant gullied out the sidewalk, and formed ice upon the side-walk upon which the plaintiff was travelling, so that it rendered it unsafe and out of repair.

The 1st section of the act incorporating the village of Fair Haven, after defining what portion of the town of Fair Haven should be included in said village, provides that said village may at any meeting warned for that purpose, lay a tax upon the polls and ratable estate within the same, for any of the purposes men-tioned in the charter.   The 9th section provides that the list upon which taxes were to be voted and assessed should be the town grand lists of the town of Fair Haven ; excluding therefrom all real estate lying and being within the limits of said village.

The 4th section provides that the officers of said village should consist of a clerk, three trustees, a treasurer and collector of taxes, and five fire wardens ; and power was given by the same section to make such by-laws, rules and regulations as they might deem proper ; and in particular, such as relate to their streets, alleys, sidewalks and public highways.

In prescribing the duties of the trustees, it is provided in the 9th section that they should have power to direct the expen-diture of all the highway taxes assessed upon the polls or ratable estate within said village.   The by-laws adopted divided the vil-lage into highway districts ; and provided that each district should be entitled to a highway surveyor ; but no such officers appear to have been elected ; and no provision was made in the charter or by-laws for their election or appointment.   The second by-law

provided that it should be the duty of the trustees to see that the highways and walks in the village are at all times kept in proper repair ; and that the highway surveyors properly expend thereon the taxes assigned to them for that purpose.    This is all there is in the charter and by-laws that need be noticed in passing upon the questions submitted by the exceptions.

The defendant claimed, and requested the court to charge, that if the defect complained of existed at the time of the accident, and it was occasioned in the manner that the plaintiff's evidence tended to show, that the town would not be liable, unless it knew of its existence or ought to have known of it.

The court refused to comply with that request.    And it appears that the court in such refusal must have considered that, inasmuch as the hydrant was opened by one of the trustees of the village, and the defect was occasioned by that act, that no notice to the town, or any officer of the town, was required, to make the town liable for the defect ; that the relation that the village trustees sustained to the town was of such a character that the act of the trustee was to be regarded as the act of the town, or that notice to him was notice to the town.    The trustees were not officers of the town ; and the care and oversight of the highways within the village that was vested in them was by virtue of a by-law adopted by the village, and not by any act of the town.    The moneys that the trustees were to see to the expenditure of, in the maintaining and repairing of highways within the village, had reference to the money that might be raised for that purpose by the village. It does not appear that the town has ever surrendered its right of control over the highway in question to the village ; or that any portion of the money raised by the town for the purpose of maintaining and repairing highways had been paid to the village, or the trustees for expenditure upon this highway.

The fact that the town has neglected to appoint a highway surveyor for the district in which this highway is situate, and that it had been managed as a highway district by the village trustees, does not change or affect the question of the liability of the town. As long as the highway was kept in repair by the village, or any one else, the town would have no occasion to expend money upon

it, or to appoint any one whose duty it should be to see that it was kept in repair. It does not appear that the town had ever agreed that the village trustees should have the supervision of this highway in place of the officers of the town. Neither was the village, as far as protecting the town from liability was concerned, under any obligation to expend money upon, or to take any supervision over this highway. Whatever they did upon, or with reference to it, they did as volunteers, and not because they were under legal obligation. The town was legally bound to maintain the highway, and was entitled to the same notice of the claimed existence of defects in it that it has always been held in this State towns are entitled to where it is claimed that they are liable in consequence of the existence of such defects. The trustees were neither the officers nor agents of the town. They had no authority from the town or any of its officers to do any act' upon the highway, or to take any supervision of it; and the town cannot be made liable in consequence of any act done by them, which has not been authorized or assented to by it.

The question whether a town has been guilty of want of ordinary care and dilligence in reference to the sufficiency of a highway, is one of fact for the jury. *Willard* v. *Newbury*, 22 Vt. 458; *Leicester* v. *Pittsford*, 6 Vt. 245; *Green* v. *Danby*, 12 Vt. 338; *Kelsey* v. *Glover*, 15 Vt. 708; *Cassidy* v. *Stockbridge*, 21 Vt. 391; *Sessions* v. *Newport*, 23 Vt. 9; *Hill* v. *New Haven*, 37 Vt. 501. And questions of negligence, where the law has settled no rule of diligence, cannot be determined as matter of law. *Barber* v. *Essex*, 27 Vt. 62.

When a sudden and unforeseen defect occurs in a highway without fault on the part of the town, the town is not chargeable for the damage resulting from such defect unless it has been in default in respect to getting seasonable knowledge of the defect. *Ozier* v. *Hinesburgh*, 44 Vt. 220. Here there was no notice to any officer of the town; and the defendant had the right to have the question submitted to the jury whether it was in default in not having obtained such knowledge. It was entitled to have that right secured to them by a substantial compliance with the

above request ; and it was error to refuse to hold and charge as therein requested.

The principal error committed was in assuming that the act of the trustee was equivalent to, or dispensed with, notice to the town, thus precluding the town from defending upon the ground that they had not been negligent.

The questions that were put to the witness, Peck, and which could only be answered by the expression of his opinion, were properly excluded. The general rule upon the subject is that the opinions of witnesses, except upon questions of art, science and skill, are not admissible. And the questions proposed did not come within any recognized exception to that rule.

Most of the other requests made by the defendant upon the trial and that were not complied with, were made upon the supposition that it might be held that the act of Lewis, the trustee, having occasioned the defect, the town was responsible for having caused it, or that the town was chargeable with notice of its existence. Upon the view that we have taken of the act of Lewis, as affecting the liability of the town we do not think it is necessary to consider them.

The judgment of the County Court is reversed, and the cause remanded.