## D. F. MULLEN *v.* TOWN OF RUTLAND.

### *Highway.*

The defendant was repairing one of its bridges. The plank had been taken up; and at the close of a day's work its surveyor made a barricade to prevent traveling on the bridge ; the plaintiff, ignorant of its condition, at night drove upon it and was injured. .The question being whether the barricade was sufficient, the court charged the jury that if the surveyor " fully discharged the duty of the town, at the close of the day's work, by way of precaution against accident to travellers in the night time, the town is not responsible for this accident,.nor liable in this case, although the barricade was rendered insufficient by accident, or malicious interference afterwards." *Held,* no error.

CASE for injury on a highway. Trial by jury, September Term, 1882, VEAZEY, J., presiding; and verdict for defendant. On trial it appeared that the defendant town by its highway surveyor was repairing under the direction of its selectmen one of its bridges; that the repairs were needed ; that said repairs were begun a day or two before the accident in question, and a by-path or side road was provided for the passage of teams and travelers while the bridge was up, which was used and was suitable for use ; that the hole left in the road by the taking up of the bridge was fifteen to twenty feet across, five feet in depth, and extended entirely across the wrought part of the road.

The plaintiff's evidence tended to show that on the afternoon of the day of the accident he, then living at West Rutland, took his wife and another lady in a single carriage and went to East Rutland to visit and attend a horse trot, not passing over the highway in question, but another one near by, and that he did not observe this bridge was up and being repaired and did not know of it ; that about eight o'clock that evening they started to return home and drove with care and prudence ; that the night was very dark and a little rainy or misty, and when they came to this bridge about nine o'clock they drove into this chasm, and the plaintiff's wife received the injuries complained of; that the barricade was very slight and entirely inadequate to prevent the horse from going into the hole.

The defendant's evidence tended to show that O'Neil, the highway surveyor who had charge of said repairs, at the close of the day's work of that day put up a barricade to prevent travellers from driving into said bridge, of great strength and hight, built of plank and timbers, and entirely adequate and sufficient to prevent a team knocking it down or getting over it, or driving into said hole, and that O'Neil left it in this condition about seven o'clock that evening, and knew no more about it until after the accident.    None of defendant's witnesses testified as to the condition of the barrier after dark.    It appeared that no lantern or watchman was left there to light or guard the place or warn travellers of the condition of the highway.

The plaintiff's evidence further tended to show that the barricade put across said road was slight and insufficient as put up and left by O'Neil at the close of the day's work, and was so during the evening, to the time of the accident, and at the time it was only about enough for a horse to stumble over—two or three planks only. ·   And from this evidence it was claimed that if it was strong and sufficient when put up, it had been during the evening knocked down by accident or design, so that it was altogether insufficient when the accident occurred.

The court charged the jury :

"If O'Neil did all that a· prudent man would have done, as I have explained, then the town is not liable for subsequent interference wiih the barrier of which its officers had no notice.   If O'Neil fully discharged the duty of the town at the close of the day's work by way of precaution against accidents to travellers in the night time, the town is not responsible for this accident or liable in this case, although the barricade was rendered insufficient by accident or malicious interference afterwards.    It would in such case be like a sudden and unforeseen defect occurring of which the town had no notice or was not charged with notice.   In such case the statute liability does not arise.    There is no claim of any notice of any subsequent interference in this case if any occurred."

*Redington & Butler*, for plaintiff.

During the progress of the repair the town was bound, at least, to use the care of a prudent man as well by night as by day, and it should be charged with notice of its insufficiency if caused by accident or malicious interference, if by using the care and diligence of a prudent man it might and would have known

that it became insufficient.    *Ozier et ux* v. *Hinsburgh*, 44 Vt. 220 ;
*Campbell* v. *Fair Haven*, 54 Vt. 336 ;   2 Dil. Mu. Cor. 922 ;
*Burnham* v. *City of Boston*, 10 Allen, 290 ;   *Hubbard* v. *Concord*,
35 N. H. 22 ;   *Worcester* v. *Canal Co.* 16 Pick. 54 ;   *Hart* v.
*Brooklin*, 36 Barb. 226 ;   30 Conn. 118 ;   101 Mass. 99 ;   16 Gray,
508 ;   11 H. L. Cases 687–700.    Where streets have been ren-
dered unsafe by direct act, order or authority of corporations,
no question has ever been made or can reasonably exist as to the
liability of the corporation for injuries thus produced where the
person suffering was without fault, or was using due care.    2 Dil.
Mu. Cor. p. 919, s. 790 ;   *Detroit* v. *Corey*, 9 Mich. 165–1861 ;
*West* v. *Brockport*, 16 N. Y. 161 ;   *Chicago* v. *Mayor*, 18 Ill. 394 ;
*Conrad* v. *Ithaca*, 16 N. Y. 158 ;   *Wenddell* v. *Troy*, 41 Barb ;
*Brock* v. *Summerville*, 106 Mass. 271 ;   *McMahon* v. *Third Av.
R. R. Co*, 75 N. Y. 271 ;   *Howe* v. *Lowell*, 101 Mass. 99 ; *Har-
riman* v. *Boston*, 114 Mass. 241.

*M. G. Evarts* and *Prout & Walker*, for defendant.

This charge was indisputably accurate and exact.    If a muni-
ment is removed in the night time by accident or design, and the
authorities have no knowledge, no liability can under any circum-
stances attach.    The town must be chargeable with some fault in
respect to its duty to keep highways in sufficient repair.    This
duty the town was performing by rebuilding the bridge.    An
adequate by-way was provided.    An efficient barrier was erected.
The demolition of the same was wholly unknown to the town author-
ities.    *Prindle* v. *Fletcher*, 39 Vt. 255 ;   *Ozier* v. *Hinesburgh*, 44
Vt. 220 ;   *Spear* v. *Lowell*, 47 Vt. 692 ;   Wharton Neg. ss. 962,
963, 964 ;   *Campbell* v. *Fair Haven*, 54 Vt. 336 ;   41 Vt. 449.

The opinion of the court was delivered by

REDFIELD, J.    The plaintiff seeks to recover damages for inju-
ries to the wife by reason of an insufficient highway.

The charge of the court was satisfactory except in one partic-
ular, to which the plaintiff excepted.    The court charged the jury
that " if O'Neil (the highway surveyor) fully discharged the duty
of the town at the close of the day's work, by way of precaution

against accident to travellers in the night time, the town is not responsible for this accident or liable in this case, although the barricade was rendered insufficient by accident or malicious interference afterwards."

The location and character of the highway, the frequency of travel, the necessity of lights to guard and guide the traveller, and of a strong, high and sufficient barrier or muniment, were carefully submitted to the jury by the court, without exception by the plaintiff. We think if the town performed its full duty and built a barricade at night-fall sufficient in hight and strength, and in the right place, and had no knowledge or reason to suppose or suspect that some unforseen casualty would happen to it, the town would not be liable. If by some accident or malicious interference the barricade had been broken down and a traveller thereby suffered injury, such incidents must have place with casualties and accidents.

We find no error in the charge of the court.

The judgment is affirmed.