## WEIRS v. JONES COUNTY.

**Counties:** DEFECTIVE BRIDGES: DILIGENCE IN OBSTRUCTING TRAVEL OVER. In an action for damages caused by the falling of an unsafe county bridge while plaintiff was crossing it, *held* that, if defendant caused the bridge to be obstructed by suitable barriers, which had been removed at the time of the accident without the knowledge or consent of defendant or its agents, then the defendant was not liable, unless there was sufficient time after the removal of the barriers, and before the accident, for the defendant, in the exercise of ordinary care and vigilance, to have discovered the fact and to have caused the barriers to be replaced. (See opinion for cases distinguished and followed.)

80 351
86 626

80 351
124 688

80 351
136 572

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, MAY 29, 1890.

ACTION to recover damages caused by the falling of a bridge. There was a trial by jury; and a verdict and judgment for plaintiff. The defendant appeals.

*F. O. Ellison*, for appellant.

*Sheean & McCarn*, for appellee.

ROBINSON, J.—It is conceded that the bridge in question was a county bridge, and that it was known to the board of supervisors of defendant to be in an unsafe condition prior to the time of its falling. About the fourth day of September, 1888, the board caused it to be examined and condemned. By authority and direction of the board, signboards bearing, in large letters, the words "Bridge unsafe" were prepared; and, on the fifth day of September, 1888, one was nailed up at each end of the bridge, in a conspicuous place. In addition, at one end of the bridge two wires were stretched across the bridge at about the height of the breast of a horse, and securely fastened to the sides by means of staples; and a wire was stretched and fastened in a similar manner at the other end of the bridge. The bridge was in an isolated place, and was used but little. It was about three hundred feet in length, and eighteen or twenty feet above the water of the stream. On the ninth day of September, 1888, the plaintiff crossed the bridge in the morning without accident. The signs were then on the bridge, and the wires were there, but loosened at one end, and thrown to one side, in such a manner as not to form any obstruction to the crossing of the bridge. Plaintiff claims that he could not read English, and that he did not see the signs nor the wires, and did not know the condition of the bridge, not having been to it for a year before. On his return in the evening the bridge fell while he was on it with his team, and as a result his horses were killed, and the wagon was damaged. The court instructed the jury as follows: "7. It was the duty of the defendant, when it knew the bridge was unsafe, to give such notice thereof to the public as would be effective, or, if obstructions and notices were both relied upon, they should be such, taken together, as would be effective; and it would also

be the duty of the defendant to see that such notices and obstructions were kept and continued there in such manner as would be sufficient to inform a person exercising ordinary care of the unsafe condition of said bridge. Hence, if you find from the evidence that the notices put on the ends of said bridge, and the wires placed across the ends thereof, were not reasonably sufficient to notify a person exercising ordinary care of the unsafe condition of said bridge, or if, after the same were placed there, they were not kept or continued there by defendant in such manner as to be reasonably sufficient to notify a person exercising ordinary care of the unsafe condition of said bridge ; and, if you further find from the evidence that the plaintiff, without any notice of its unsafe condition, and without fault or negligence on his part, drove onto the bridge, and was injured,—then defendant would be liable." Appellant complains of this instruction on the ground that it makes defendant responsible for damages which resulted from its failure to continue and maintain the notices and obstructions, even though it used ordinary and reasonable care to do so. The court refused to give an instruction asked by defendant, which, in substance and effect, announced the law to be that, if defendant caused the bridge in question to be obstructed by suitable barriers, which had been removed at the time of the accident without the knowledge or consent of the defendant or its agents, then the defendant is not liable, unless there was sufficient time after the removal of the barriers, and before the accident, for the defendant, in the exercise of ordinary care and vigilance, to have discovered the fact, and to have caused the barriers to be replaced.

Appellee insists that the action of the court in giving the paragraph of its charge quoted, and in refusing to give the instruction asked by defendant, is fully sustained by the opinion of this court in *Brown v. Jefferson County*, 16 Iowa, 343. The facts in that case appear to have been that "the county authorities, apprehensive that the bridge was unsafe, had posted up a written

notice on some part of it, advising travelers of danger, and had caused a pole to be laid across one end of it for the same purpose." The notice and the pole had disappeared "long prior to the accident." Under those facts, this court held that the posting of the notice and placing of the obstruction would not relieve the county from liability, even though they were removed by some evil-disposed person. The question of diligence on the part of the county to discover the removal, and to replace the notice and obstruction, was not involved in the case, nor discussed. The same is true of *Ferguson v. Davis County*, 57 Iowa, 609. The liability of a county for the defective condition of its bridges is analogous to that of municipal corporations with respect to their streets and sidewalks. *Soper v. Henry County*, 26 Iowa, 269. A municipal corporation is liable for a defect in its sidewalk of which it has actual notice in time to repair it, in the exercise of reasonable diligence, before the accident for which it is sought to be held liable, or, if the defect was of such a nature, or had existed for such a period of time, as that, by the exercise of ordinary care and diligence in the discharge of its duties, it would have learned of its existence in time to prevent the injury. *Cook v. City of Anamosa*, 66 Iowa, 428. Ordinary care is required of such corporations in barricading dangerous places,—as excavations in its streets. *Koester v. City of Ottumwa*, 34 Iowa, 43; *Klatt v. City of Milwaukee*, 53 Wis. 200; 10 N. W. Rep. 162. If a barricade so erected is removed without the consent or knowledge of the corporation, it is not liable for damages which result from its removal, unless it has notice of such removal, or, in the exercise of reasonable diligence, should have known it in time to have prevented the accident. *Klatt v. City of Milwaukee, supra; Doherty v. Waltham*, 4 Gray, 596.

The rule adopted by the district court made defendant liable for the continued maintenance of the barrier, even though it was removed without fault on its part, and so short a time before the accident as to prevent its

acquiring knowledge of the fact. This was erroneous. The defendant was required to use the care which might be expected of a prudent and reasonably diligent person, under similar circumstances, in the management of his own affairs. *Cooper v. Mills County*, 69 Iowa, 354. See, also, *Perry v. Railway Co.*, 36 Iowa, 104; *Aylesworth v. Railway Co.*, 30 Iowa, 461. The judgment of the district court is                    REVERSED.