RAYMOND, Respondent, vs. Keseberg and another, Appellants.

*September 30 — October 22, 1895.*

*Municipal corporations: Injury from obstruction in street: Primary liability of individual: Removal of guards: Damages: Future suffering: Limit of recovery.*

1. If a person, whose duty it is to so guard an obstruction lawfully placed in a public street as to prevent danger to persons using such street for travel in the exercise of ordinary care, performs his duty in that regard by the use of a proper light or otherwise, and the guard, after being properly placed, is removed without fault on such person's part, and a traveler is thereby injured before sufficient time has elapsed for such person, in the exercise of ordinary care, to discover such removal and to remedy it, then he is not liable.

2. In an action for personal injuries the recovery for future disability must be limited to such as is reasonably certain to result from the injury complained of; and it was error in such a case to charge that plaintiff could recover for bodily pain and suffering which he "may have to endure in the future."

3. Construing together ch. 471, Laws of 1889 (which provides that a city may be sued in the same action with the person primarily liable for an injury resulting from a defective street, and if the city is found liable, but not primarily, judgment shall be entered for the amount stated in the verdict against all the defendants against whom the verdict shall be found), and ch. 454, Laws of 1885 (which limits to $5,000 the amount recoverable in any such action brought against any county, town, city, or village), if the city is made a party defendant, either alone or joined with the defendant primarily liable, the recovery must be limited to $5,000.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Plaintiff, while traveling in a top buggy, in the night time, on a street of the defendant city, ran onto an obstruction consisting of a mound of earth placed therein by defendant *Keseberg*, and was injured. He brought this action to recover compensation for such injury. The obstruction was created by dumping into the street the earth taken out

by defendant *Keseberg* in excavating a cellar on her prem-
ises.   Whether it was properly guarded, so as not to render
the street defective and unsafe for public travel by night,
was the principal question in controversy.   The evidence
shows that a red light had been customarily placed on the
mound of earth by defendant *Keseberg* to warn travelers of
the danger, and strongly tends to show that it was placed
there on the night in question; but whether it was in posi-
tion at the instant of the accident is a controverted fact,
though the evidence strongly tends to show that it was in
position a short time before.

The defendants asked the court to submit the following
questions on the subject of the existence of the light at the
place and time of the accident:   "(1) Was a lighted lantern
maintained on the pile of dirt during the night time, up to
the night of the accident?   (2) Was a lighted lantern placed
on the pile of dirt on the evening of the accident?"

The court submitted to the jury the following questions:
"(1) Was the plaintiff injured by being thrown from the
wagon at the time and place mentioned in the complaint?
(2) Was such injury caused by the defective condition of the
street at the time and place in question for travel upon and
over the same?   (3) Was such defective condition of the
street in question caused by the wrong, default, or negli-
gence of defendant *Dorothea Keseberg?*   (4) Had such de-
fect or obstruction existed for such a length of time prior to
the injury that the city of *Sheboygan* ought to have known
of the same and guarded against it?   (5) Was the plaintiff,
at the time of the accident, using ordinary care and diligence
in traveling along and over the said street?   (6) What
amount of damage has the plaintiff sustained by reason of
the injury?"

The court charged the jury, in substance, in respect to the
second question, that if there was not a light so placed and
of such a nature as to furnish warning to travelers of the

danger *at the time plaintiff was injured*, then the street was defective. The court charged the jury, in substance, in respect to the third question, that if the street was defective at the time of the accident such defective condition is chargeable to want of ordinary care on the part of the defendant *Keseberg*. In respect to damages the court gave the following instruction: "He is entitled to full compensation for the bodily and mental pain and suffering which he has endured since the happening of the accident down to the present, and which he *may* have to endure hereafter."

The jury answered all the questions "Yes," except the last, which refers to the subject of damages, and in answer to that awarded $21,800 damages. A motion to set aside the verdict and for a new trial was made and overruled, and proper exceptions were duly taken to raise the questions considered on this appeal.

For the appellants there was a brief by *Francis Williams* and *A. C. Prescott*, and oral argument by *Mr. Prescott*. To the point that the instructions of the court in submitting the second and third questions ignored the fact that the light might have been sufficient and properly placed on the obstruction by *Mrs. Keseberg* on the night of the accident, and removed by a wrongdoer without her knowledge, they cited *Seward v. Milford*, 21 Wis. 485; *Klatt v. Milwaukee*, 53 id. 196; *Cartright v. Belmont*, 58 id. 370; *Doherty v. Waltham*, 4 Gray, 596; *Weirs v. Jones Co.* 80 Iowa, 351; *Theissen v. Belle Plaine*, 81 id. 118; *Mullen v. Rutland*, 55 Vt. 77; Jones, Neg. of Mun. Corp. §§ 96, 110.

For the respondent there was a brief by *J. E. McMullen*, attorney, and a separate brief by *Barbers & Beglinger*, of counsel, and oral argument by *Mr. McMullen* and *Mr. Charles Barber*.

MARSHALL, J. The jury must have understood from the instructions given in respect to the second and third ques-

tions that unless a.light was in position at the instant of the
accident, so placed and of such a nature as to furnish warn-
ing to travelers of the presence of the mound of earth, if the
street otherwise would have been defective because of the ob-
struction, it was their duty to find that it was defective in fact
at the time of such accident and through want of ordinary
care on the part of defendant *Keseberg*. From this the jury
may well have found from the evidence that *Mrs. Keseberg*, on
the evening in question, placed a suitable light in a suitable
manner on the mound of earth to warn travelers of the danger
thereby caused, and that it was in its proper position and
effectual for that purpose shortly before the injury, but that
it was not present at the instant of the accident; and, though
its absence at such instant was without want of ordinary
care on the part of defendants or either of them, they are
nevertheless liable for plaintiff's injury if there was no want
of ordinary care on *his* part which contributed to produce
it. Such is not the law, but the true rule is that if a person,
whose duty it is to so guard an obstruction lawfully placed
in a public street as to prevent danger to persons using such
street for travel in the exercise of ordinary care, performs
his duty in that regard by the use of a proper light or other-
wise, and the guard, after being properly placed, is removed
without fault on such person's part, and a traveler is thereby
injured before sufficient time has elapsed for such person, in
the exercise of ordinary care, to discover such removal and
to remedy it, then he is not liable. The injury in such case
is *damnum absque injuria*. Testing the learned judge's
charge by the foregoing, the error committed, and the liabil-
ity that defendants were prejudiced thereby, are apparent.
The correctness of the rule stated is too well settled to require
argument here to sustain it. *Klatt v. Milwaukee*, 53 Wis.
196; *Aylesworth v. C., R. I. & P. R. Co.* 30 Iowa, 459;
*Mullen v. Rutland*, 55 Vt. 77; *Campbell v. Fair Haven*, 54
Vt. 336; *Prindle v. Fletcher*, 39 Vt. 255; *Weirs v. Jones Co.*

80 Iowa, 351. In the last case cited the court said, in effect: "The rule adopted by the court below made defendant liable for the continued maintenance of the barriers, even though they were removed without fault on its part and so short a time before the accident as to prevent its acquiring knowledge of the fact. This was erroneous. The defendant was required to use the care which might be expected of a reasonably prudent and diligent person under similar circumstances in the management of his own affairs."

The instruction given by the learned circuit judge relating to the amount of damages recoverable for future disability, to the effect that he is entitled to recover for bodily pain and suffering which he *may have to endure* in the future, was clearly erroneous. *White v. Milwaukee C. R. Co.* 61 Wis. 536; *Hardy v. Milwaukee St. R. Co.* 89 Wis. 187; *Block v. Milwaukee St. R. Co.* 89 Wis. 371. It has been iterated and re-iterated by this court that the true rule is that the recovery for future disability must be limited to such as is reasonably certain to result from the injury complained of.

We think the learned circuit judge also erred in respect to the effect of ch. 471, Laws of 1889, on ch. 454, Laws of 1885. The latter act is not repealed in any manner by the former. The action against the city is purely statutory, and as judgment, if the plaintiff recovers, must go against all the defendants and there can be but one judgment, we hold, construing the two acts together, that if the city is made a party defendant, either alone or joined with the defendant primarily liable, the recovery must be limited to $5,000.

There are several other errors assigned in the record that we do not deem it necessary to consider. For the errors already referred to the judgment of the circuit court must be reversed and a new trial granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.