# OCTOBER TERM, 1896.*

WALKER *v.* CITY OF ANN ARBOR.

|111    1|<br>|137  ²323|

1. NEW TRIAL—ACTION AGAINST CITY—COUNCILMAN AS JUROR—
FAILURE TO OBJECT.
    A new trial will not be granted after a verdict for de-
    fendant in an action for personal injuries against a city,
    because one of the jurymen was a member of the common
    council, where the attorney for the plaintiff knew of that
    fact at the time the jury was selected, and made no objection
    to him on that account.

2. MUNICIPAL CORPORATIONS—REPAIR OF SIDEWALKS—DUTY TO
MAINTAIN BARRIERS.
    A city may avail itself of the placing of barriers and lights
    by the contractor or the property owner on a sidewalk under
    repairs, in an action against it for personal injuries received
    after the removal thereof, with the same effect as if they had
    been placed by the city itself.

Error to Washtenaw; Kinne, J. Submitted October
6, 1896. Decided December 1, 1896.

Case by Ann J. Walker against the city of Ann Arbor
for injuries sustained by reason of a defective sidewalk.
From a judgment for defendant, plaintiff brings error.
Affirmed.

*Noah W. Cheever*, for appellant.

*John F. Lawrence*, for appellee.

MOORE, J. Plaintiff sued defendant to recover for
injuries sustained by her from a fall received on a defec-
tive sidewalk at about 7 o'clock in the evening of October

---

*Continued from Vol. 110.

7, 1893, which resulted in severe injuries to her. Mrs. Ottley had been ordered by the proper authorities to construct a new walk in front of her premises, upon a grade recently established. She built a cement walk, which was completed the day before the injury occurred. The walk was not dry, and had not been thrown open to the public, at the time of the accident. The west end of the walk was about 6 inches higher than the walk on the adjoining property. At the east end of the new walk there was a drop of 18 or 20 inches. The city authorities had notice of the situation of the walk. It was at the east end of the new walk that the accident occurred. It is the claim of the defendant that the contractor who built the walk erected at each end of the new walk suitable and proper barriers to exclude the public from using the walk, and that these barriers were known to be in place as late as half past 5 o'clock upon the afternoon of the accident, and that they had been removed by some evil-disposed person,—just how long before the accident, no one knows. It was also the claim of the defendant that suitable lights were kept on the barriers when it was dark; that upon the evening in question the lights were all prepared, but had not yet been put out, because it was not dark enough to require them. It was the claim of the plaintiff that proper barriers had not been erected by any one; that, when the accident occurred, it was so dark that she could not see the dangerous condition of the walk. It was also her claim that the city authorities, after knowledge of the condition of the walk, had not acted at all. After the testimony was all in, the trial judge was requested to direct a verdict for the plaintiff. This he declined to do, and charged the jury as follows:

"The legislature of this State has made it the duty of a city to keep in reasonable repair, so they will be reasonably safe and convenient for public travel, all sidewalks within its jurisdiction. The law does not require that the sidewalks shall be kept absolutely safe, but only reasonably so, and fit for public travel. It is the duty of

the defendant city to exercise, through its officers and its agents, a reasonable and supervisory care over its sidewalks, and, within reasonable limits, to be watchful of their condition and safety.   The defendant is not bound to extraordinary diligence, but only to an ordinary and reasonable care and diligence.   It is not an insurer of safety.   It does not undertake to warrant against accidents and injuries.   But it does undertake to exercise reasonable care and diligence in respect to the condition of its sidewalks.

"The plaintiff in this case bases her claim to recover upon the allegations that the defendant city has been guilty of negligence in the care of its sidewalks, and that she met with her accident and injuries by reason of such negligence on the part of the city.   *   *   *   The particular negligence complained of by the plaintiff against the defendant is that this sidewalk, when completed, was left in a dangerous situation; that no danger lights or proper barriers were put there to warn and protect the public against accident.   It is undisputed that the walk was ordered and laid upon a grade established by the city, and that the street commissioner was present at some time or times during its construction.

"Now, you will determine from the evidence whether or not this walk, when completed, was dangerous, and whether or not, at the time this accident occurred, this sidewalk was in a dangerous situation or condition.   If you find from the evidence that, at the time this accident occurred, this walk was in a dangerous condition, and unfit for travel, then it was the duty of the defendant to see that proper barriers were placed there during the day, and suitable lights at night, to warn the public of this alleged danger,—that is, such barriers and such lights should be placed as would be sufficient to warn persons of reasonable and ordinary prudence of the presence of this alleged danger; and, if the city failed so to do, it would be liable to the plaintiff for any injury which she suffered, caused thereby, and to which she did not contribute.   As far as the question of barriers for the daytime is concerned, if they were maintained until 5 o'clock of the day the accident occurred, and then removed by some unknown person, without the knowledge or authority of either the defendant or Mrs. Ottley, there could be no charge of negligence for want of these barriers; but if, at the time this accident occur-

red, the barriers, if there, would not have been a reasonable caution or protection, and if you find from the evidence that warning lights should have been there for the protection of the public, and that none were so placed, and if you further find that the city failed to take any measure or action to see that such lights were so maintained there, the defendant would be guilty of negligence, if you find that such lights were necessary to the reasonable protection of the public."

The jury returned a verdict in favor of the defendant.

A motion was made for a new trial, upon several grounds; the only one necessary to notice here being that one of the jurymen, Mr. Taylor, was a member of the common council. The record discloses that the attorney for plaintiff at the time the jury was selected knew that Mr. Taylor was an alderman, and made no objection to him on that account. The motion for a new trial was overruled, and the case is brought here by the plaintiff. The motion for a new trial was properly overruled. Counsel cannot risk a verdict, and, when it is adverse to them, then move for a new trial, basing their application upon facts which were known to them when the verdict was received, which facts they failed to call to the attention of the trial judge. *Bourke* v. *James*, 4 Mich. 336; *Sleight* v. *Henning*, 12 Mich. 371; *Johr* v. *People*, 26 Mich. 427.

It is urged in the brief filed on the part of the plaintiff that the city is liable for defects of construction, as well as for defects for want of repair (citing *Carver* v. *Plank-Road Co.*, 61 Mich. 590; *Sebert* v. *City of Alpena*, 78 Mich. 165), and that the city is liable for a dangerous drop in the sidewalk, even when made by a private citizen (citing *Shippy* v. *Village of Au Sable*, 85 Mich. 295), and that the city must close the street or sidewalk to all travel, if necessary to protect the public (citing *Southwell* v. *City of Detroit*, 74 Mich. 438; *Alexander* v. *City of Big Rapids*, 76 Mich. 284). Undoubtedly, these positions are well taken, and, if we read the charge of the circuit judge

correctly, they were accepted as true by him. No case can be found, however, that requires the closing of a street to travel because a new sidewalk is in process of construction. The most that is required is that the public shall be excluded from that portion of the walk that is not reasonably safe and fit for travel, while it is in that condition. An effort was made to do this by the contractors. If we understand the position of the counsel for the plaintiff, it is that inasmuch as the city, by its officers, placed no barriers or lights, and the accident occurred, the city is liable, even though the contractor and the property holder had erected barriers and placed lights. We do not think this position can be maintained. All that is required is that the city shall see that the sidewalk is reasonably safe and fit for travel. If the walk is kept in that condition, whether it be done by the contractor, the property owner, or the city, it is to be treated as done by the city, and there can be no liability. The charge of the court was a careful and full explanation of the law as applicable to the case. If the charge is open to any criticism, it is that it was even more favorable to the plaintiff than she was entitled to have it; for it may well be questioned whether there would be any liability, where barriers had been placed as was shown to have been done here, when they were removed by some wrong-doer, and there was no knowledge on the part of the city of the removal of the barriers. *Klatt* v. *City of Milwaukee,* 53 Wis. 196 (40 Am. Rep. 759); *Mullen* v. *Town of Rutland,* 55 Vt. 77; *Raymond* v. *Keseberg,* 91 Wis. 191; *Weirs* v. *Jones Co.,* 80 Iowa, 351.

We do not discover any error in the record.

Judgment is affirmed.

The other Justices concurred.