ROBERT GARNETZ, Appellant, v. THE CITY OF CARROLL, Appellee.

**Municipal corporations:** DEFECT IN STREET:  NUISANCE.  An excavation made in a public street by authority of the city and for a lawful purpose is not *per se* a nuisance, and will not become such unless left open for an unreasonable length of time, which is ordinarily a question for the jury.

**Same:** NEGLIGENCE:  INSTRUCTION.  In an action against a city for driving into an open ditch, an instruction that if proper lights were placed at or near the excavation to apprise persons of ordinary prudence of its existence the city would not be liable, unless it caused the lights to be removed or had actual notice of their removal and sufficient time to replace them before the accident, is approved.

*Appeal from Carroll District Court.*— HON. F. M. POWERS, Judge.

SATURDAY, DECEMBER 14, 1907.

ACTION at law to recover damages for injuries received by plaintiff in driving into an open, unbarricaded, and unlighted excavation in a street in defendant city. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*J. B. McCrary,* for appellant.

*Geo. W. Bowen* and *Reynolds & Myers,* for appellee.

DEEMER, J.— With the permission of defendant city a trench was dug in one of its streets for the purpose of supplying heat to the city library building. At the time plaintiff received his injuries this ditch had been partly filled, but on account of inability to obtain material part of it had been left open, awaiting the arrival of proper material for making connections. Plaintiff charges that this open part of the ditch was unbarricaded and unlighted, and that, while using due care on his part, he on the evening of March 3, 1905, drove into the ditch, receiving the injuries of which he complains. Defendant denied liability on the ground that it had a proper light to warn travelers of the dangerous condition of the street, and that the accident was due to plaintiff's own fault and neglect. Several propositions are relied upon for a reversal, but most of them depend upon the single one that the excavation in the street was a niusance, for which defendant was absolutely responsible to any one injured on account thereof.

Whilst the evidence is somewhat meager upon the proposition, plaintiff's counsel concede in argument that the ditch or excavation was made for the purpose of supplying heat and making connections with some sort of heat-

ing system for the library building in the defendant

**1. MUNICIPAL CORPORATIONS: defect in street: nuisance.** city; that the ditch was partly filled, and the remainder left open awaiting material for making proper pipe connections. This being true, and the excavation having been made for a proper purpose, it was not in itself a nuisance, and did not become such, unless it was allowed to remain open for an unreasonable length of time; and whether so left would ordinarily be a question of fact for a jury. The testimony does not show just when the ditch was dug; but it was open in part on March 3, 1905, when plaintiff drove into it. The only showing we have is that the ditch was dug some time in February; but at what time in the month does not appear. So that we cannot say as a matter of law that the ditch was in fact a nuisance.

Plaintiff's case was really bottomed upon the thought that defendant did not barricade the opening or light it in the evening, so as to warn and protect travelers from dan-

**2. SAME: negligence: instruction.** ger. Although the excavation was not a nuisance, it was defendant's duty to barricade or light it, or both; that is, to take such reasonable precautions to warn and protect the public as reasonable care and prudence would dictate for the safety of travelers using the street. There was no testimony of any barricade; but there was evidence tending to show that there was a warning light burning on the evening of the accident, although this was denied by plaintiff and his witnesses. In reference to this matter the trial court gave the following instructions: " If you find from the evidence that on the evening of the accident in question, and before it happened, a light or lights sufficient to apprise a person of ordinary prudence of the existence of the excavation was placed at or near said excavation, then the defendant was not guilty of negligence, unless it be shown that defendant had caused said light or lights to be removed, or had actual notice or knowledge of said removal, and sufficient time

thereafter to replace the same before the accident." Whilst this instruction might have been a little better worded, yet we think it properly submitted to the jury the question as to whether or not defendant exercised proper care in exposing warning lights on the evening when plaintiff was injured. The instruction left it to the jury to say whether or not defendant on the evening in question had placed at or near the excavation a light or lights sufficient to apprise persons of ordinary prudence of the existence of the excavation. This was the real issue in the case, and the instruction necessarily involved the thought that the light or lights were sufficient in all respects to apprise persons of ordinary prudence of the excavation. If defendant did this, then it was not responsible, if for some reason and without fault on its part these light or lights were removed without its knowledge, until it knew or should have known of their removal. This states the law as we understand it. Having performed its duty in the first instance, the city was not required to keep a man on guard to see that the lights were not removed. Whether or not there were sufficient lights displayed on the evening in question was for the jury; and that matter was evidently determined adversely to plaintiff. There was evidence to support such a conclusion, and we shall not interfere with the finding. The instruction seems to be a copy of the one inferentially approved in *Hall v. Town of Manson,* 99 Iowa, 704, and there was no error in giving it. See, also, *Weirs v. Jones County,* 80 Iowa, 351, which fully supports the instruction.

Some other questions are argued, but they have been passed upon so many times by this court that there is no necessity for considering them.

No prejudicial error appears, and the judgment is *affirmed.*