[Sac. No. 1601. In Bank.—October 16, 1908.]

STOCKTON AUTOMOBILE COMPANY (a Corporation), Respondent, v. ELI CONFER et al., Appellants.

PUBLIC HIGHWAYS—UNLAWFUL OBSTRUCTION—LIABILITY OF PERSON CAUSING.—An individual who erects an unlawful obstruction to the free use of a highway, in its nature a nuisance, by reason of his wrongful act, is charged in law as an insurer against accident to a person properly traveling the highway and meeting injury by reason of such unlawful obstruction.

ID.—OBSTRUCTIONS UNDER AUTHORIZED LICENSE.—Where the highway is obstructed under license and by authority, the person responsible for the obstruction is chargeable only with ordinary care to see that the obstruction does not become a cause of injury to any person lawfully traveling the highway.

ID.—PUBLIC WORK DONE BY PRIVATE CONTRACTOR—NEGLIGENCE OF CONTRACTOR—LIABILITY OF SUPERINTENDENT OF STREETS OF MUNICIPALITY.—Where public work is being done on the streets of a municipal corporation by a private contractor under contract with the municipal authorities, the responsibility of the contractor for negligence in the prosecution of the work is unquestioned, and the responsibility of the street superintendent is determined by the provisions of the General Street Law. (Stats. 1885, p. 160, secs. 22, 23.)

ID.—OBLIGATION TO ERECT GUARDS AND PLACE LIGHTS—SUFFICIENCY OF QUESTION OF FACT.—In the exercise of the due care to prevent injury by obstructions in the streets of a municipality, which the General Street Law imposes upon the contractor and the superin-

tendent of streets, an obligation arises to erect guards and place lights. When erected, the sufficiency of these barriers or lights or other warning signals is a question of fact for the jury's determination.

ID.—OBLIGATION TO REPLACE SAFEGUARDS AFTER REMOVAL.—If a person whose duty it is to so guard all obstructions lawfully placed in a public street as to prevent danger to persons using such street for travel in the exercise of ordinary care, performs his duty in that regard by the use of a proper light or otherwise, and the guard, after being properly placed, is removed without fault on such person's part, and a traveler is thereby injured before sufficient time has elapsed for such person, in the exercise of ordinary care, to discover such removal and remedy it, then he is not liable.

ID.—CITY AUTHORITIES MAY AVAIL THEMSELVES OF SAFEGUARDS ERECTED BY CONTRACTOR.—If a suitable warning or barrier has been erected by the contractor in the performance of the work, it relieves the city or other authority from the necessity of taking like precaution, and the city or other responsible person may avail itself in its defense of the barriers or lights suitable in themselves and properly placed by the contractor.

ID.—FINDINGS AS TO INSUFFICIENCY OF SAFEGUARDS.—The finding that no suitable light or warning had been erected on the obstruction in question, is held sustained by the evidence. It would require a clear case to justify an appellate court in holding such a finding to be unsupported by the evidence.

ID.—INDIVIDUAL LIABILITY OF STREET SUPERINTENDENT—NOTICE OF OBSTRUCTION NEED NOT BE PERSONAL—NOTICE TO DEPUTY.—Under the General Street Law (Stats. 1885, secs. 22, 23), notice of the obstruction in the public street and of the lack of lights thereon, need not necessarily be given personally to the superintendent of streets, in order to render him individually liable for injuries caused thereby. It is sufficient to create such liability that the defect was permitted to exist for the period of twenty-four hours or more after notice thereof given at the office of the superintendent during his absence therefrom and during office hours, to his deputy in charge of the office.

ID.—OBSTRUCTION MERELY INCIDENTAL TO WORK OF CONTRACTOR.—In an action against the superintendent of streets, on account of his failure, after knowledge that the contractor was obstructing the street, to see that proper precautions were taken to abate the obstruction, or to warn the public of the danger of its presence, it is immaterial whether the obstruction was rightfully or wrongfully in the street, or whether it was or was not a necessary incident to the work being done by the contractor.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order refusing a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, and Buck & Middlecoff, for Appellants.

C. H. Fairall, and A. C. White, for Respondent.

HENSHAW, J.—This action was brought to recover damages for injury occasioned to an automobile belonging to plaintiff. While driven upon the streets of Stockton at night the machine struck a pile of bitumen upon the highway and was damaged. The board of public works having employed a contractor, John Craven, to build crosswalks of bitumen at the intersection of two of its streets, in the performance of this authorized work he had placed the pile struck by the automobile. The pile was about two feet eight inches in height, sloping toward its sides, and extending from the curb of the street a distance of about sixteen feet toward the center, and about the same distance lengthwise of the street. The street was about sixty feet wide. The defendant Confer was a member of the board of public works which awarded the contract, knew of the contract, and was at the same time superintendent of streets. The bitumen had remained in the street for several days before the accident. The accident happened about two o'clock A. M. of January 10th. The court found that defendants Eli Confer and John Craven had notice of this obstruction for more than twenty-four hours before the happening of the accident, and that, notwithstanding the notice and knowledge of the existence of the obstruction, "the deceased John Craven and said Eli Confer failed to make any sufficient provision or take any suitable precaution to protect the public from injury therefrom." Judgment upon these findings passed for the plaintiff, and from that judgment and from the court's order denying defendants' motion for a new trial, this appeal is prosecuted. The appeal is addressed to two principal propositions: 1. That the evidence does not support the finding that the defendants failed to make any sufficient provision or to take any suitable precaution to guard or protect by lights or signals, or in any other suitable or sufficient manner, the obstruction of which they had notice; and, 2. That as to the defendant Eli Confer the evidence does not support the finding that he had received notice of the existence of the obstruction.

Touching the first proposition, the law of the matter is simple and well settled. An individual who erects an unlawful obstruction to the free use of a highway, in its nature a nuisance, by reason of his wrongful act, is charged in law as an insurer against accident to a person properly traveling the highway and meeting injury by reason of such unlawful obstruction. (*Barry* v. *Terkildsen,* 72 Cal. 254, [1 Am. St. Rep. 55, 13 Pac. 657]; *Colgrove* v. *Smith,* 102 Cal. 220, [36 Pac. 411]; *Spence* v. *Schultz,* 103 Cal. 208, [37 Pac. 220]; 15 Am. & Eng. Ency. of Law, pp. 433, 434.) But where the highway is obstructed under license and by authority, the person responsible for such obstruction is chargeable only with ordinary care to see that such obstruction does not become a cause of injury to any person lawfully traveling the highway. If the work upon the highway is of a private nature, usually the person doing the work and the owner of the property are liable. In some cases, not necessary here to consider, the same liability may be cast upon the municipality or municipal authorities. In the case at bar the work was public work done by a private contractor under contract with the municipal authorities. The responsibility of the contractor for any negligence is unquestioned. The responsibility of the street superintendent (and not the municipality) is in this case fixed by the provisions of the General Street Law. (Vrooman Act, Stats. 1885, pp. 160, 161, secs. 22, 23.) That act provides as follows:—

"If, in consequence of any graded street or public highway improved under the provisions of this act, being out of repair and in condition to endanger persons or property passing thereon, any person while carefully using said street or public highway, and exercising ordinary care to avoid the danger, suffer damage to his person or property, through any such defect therein, no recourse for damages thus suffered shall be had against such city; but if such defect in the street or public highway shall have existed for the period of twenty-four hours or more after notice thereof to the said superintendent of streets, then the person or persons on whom the law may have imposed the obligations to repair such defect in the street or public highway, and also the officer or officers through whose official negligence such defect remains unrepaired, shall be jointly and severally liable to the party injured for the

damage sustained; provided that said superintendent has the authority to make said repairs, under the direction of the city council, at the expense of the city."

In the exercise of the due care to prevent injury by such obstruction, which the law thus imposes upon the contractor and the superintendent of streets, an obligation arises to erect guards and place lights. When erected, the sufficiency of these barriers or lights or other warning signals is a question of fact for the jury's determination. The authorities are so numerous upon these propositions that a mere citation of a few of them is sufficient: 15 Am. & Eng. Ency. of Law, pp. 433, 434; 5 Thompson on Negligence, secs. 5996, et seq.; *Raymond* v. *Keseburg,* 91 Wis. 194, [64 N. W. 861] *Wiers* v. *Jones,* 80 Iowa, 351, [45 N. W. 883]; *Campbell* v. *Fair Haven,* 54 Vt. 336; *Walker* v. *Ann Arbor,* 111 Mich. 5, [69 N. W. 87]; *Welsh* v. *Lansing,* 111 Mich. 589, [70 N. W. 129]; *Klatt* v. *Milwaukee,* 53 Wis. 196, [40 Am. Rep. 759, 10 N. W. 162]; *Mills* v. *City of Philadelphia,* 187 Pa. St. 287, [40 Atl. 821]; *Canfield* v. *City of Newport,* 24 Ky. Law Rep. 2213, [73 S. W. 788]; *Parker* v. *City of Cohoes,* 10 Hun, 531, (affirmed 74 N. Y. 610.) It being the duty of the responsible person to see that suitable warnings are erected to guard the public against an obstruction, the next question which naturally arises is that of the duty imposed by law touching the maintenance of such warnings when erected. Upon this subject, too, the authorities are uniform. The rule is stated in *Raymond* v. *Keseburg,* 91 Wis. 194, [64 N. W. 861], as follows: "The true rule is that if a person, whose duty it is to so guard all obstructions lawfully placed in a public street as to prevent danger to persons using such street for travel in the exercise of ordinary care, performs his duty in that regard by the use of a proper light or otherwise, and the guard after being properly placed, is removed without fault, on such person's part, and a traveler is thereby injured before sufficient time has elapsed for such person, in the exercise of ordinary care, to discover such removal and remedy it, then he is not liable."

To the same effect are: *Canfield* v. *City of Newport,* 24 Ky. Law Rep. 2213, [73 S. W. 788]; *Dooley* v. *Town of Sullivan,* 112 Ind. 451, 2 Am. St. Rep. 209, [14 N. E. 566]; *Doherty* v. *Inhabitants of Waltham,* 70 Mass., (4 Gray) 596; *Welsh* v.

*Lansing,* 111 Mich. 589, [70 N. W. 129]; *Wiers* v. *Jones,* 80 Iowa, 351, [45 N. W. 883]; *Klatt* v. *Milwaukee,* 53 Wis. 196, [40 Am. Rep. 759, 10 N. W. 162]; *Parker* v. *City of Cohoes,* 10 Hun, 531 (affirmed, 74 N. Y. 610.) Of course, if a suitable warning or barrier has been erected by the contractor in the performance of the work, it relieves the city or other authority from the necessity of taking like precaution, and the city or other responsible person may avail itself in its defense of the barriers or lights suitable in themselves and properly placed by the author of the danger. (*Walker* v. *Ann Arbor,* 111 Mich. 1 [69 N. W. 87].) Under these well-settled principles we come to the consideration of the evidence in support of the finding of the court that the obstruction was not guarded or protected by lights or signals or in any other suitable or sufficient manner. It appears that the contractor, Craven, had been notified to place lights upon the pile. Upon the night of the accident witnesses testified that they saw a light, evidently a lantern, upon the pile. The light was seen between half past five and six o'clock. It was a single light, located about the middle of the pile of bitumen. It was visible for nearly a block. The light was seen burning by one of the witnesses as late as half past nine or ten o'clock; though another of the witnesses testifies that there was no light as late as eight o'clock, and at the time of the accident it is in evidence without conflict that no light was burning upon the pile. It appears further that there was an electric light tower with three electric lights upon it situated in the street about 293 feet north of the pile of bitumen, and this light burned through the night. One of plaintiff's witnesses testified that he was at the scene of the accident a few minutes after it happened, and that he could see the pile of bitumen from across the street, a distance of about sixty feet. There was no light upon the pile, and no evidence that a light had been there. He looked for a light. No traces of glass or evidences of a lantern, broken or unbroken, were discovered.

Upon this evidence we are asked to hold that the finding of the court that no suitable or sufficient light or warning had been erected is unsustained by the evidence. But this we may not do. It is not apparent, as appellant argues, that the court held the defendants to the duty of maintaining as well

as providing suitable lights and warnings.  As appellants would construe the finding, it is to the effect that the court declared that suitable lights and warnings were provided and placed, but that they were not maintained, and that defendants were responsible for the failure to maintain them.  But such is not the finding.  The finding is that suitable lights and warnings were not placed, and to hold that this finding is unsupported would necessitate a declaration, as matter of law, that the single light burning upon an obstruction sixteen feet square upon a street sixty feet in width, was sufficient as a warning light.  Generally, as has been said, the question of sufficiency is one of fact to be left to the jury or judge as the trier of fact, and it would require a clear case to justify a court in holding that a finding as to the insufficiency of a barricade, light or warning was not supported by the evidence.

It is next contended that the only notice sufficient in law to cast liability upon the superintendent of streets is an actual personal notice, and that such notice was not given.  The fact is that the superintendent of streets was not notified personally, but it was proved beyond controversy that notice of the obstruction and of the lack of lights was given by a police officer of the city and by other persons at the office of the superintendent of streets to T. C. Poole, his deputy.  This deputy made a note in the records of his office of the fact and instructed an employee to carry word to Craven, the contractor, to provide lights.  Craven was notified upon that day by an employee of the office.  There was thus established a personal notice, delivered at the office of the superintendent of streets to his deputy in charge, and this notice was acted upon.  Of course, if the notice thus given was sufficient, the superintendent of streets was responsible for the failure of Craven to erect suitable warnings, for the duty to do so was equally imperative upon each, and for the failure of either both were responsible.  It may be broadly stated that where a statute or contract requires the giving of notice, and there is nothing in the context, or in the circumstances of the case, to show that any other form of notice was intended, personal notice will be required.  (21 Am. & Eng. Ency. of Law, p. 53, and cases.)  This is true, because the law always favors a personal notice, and countenances substituted and constructive notices as mat-

ters of necessity or extreme expediency. But the principle is not that personal notice must always be given, but that it must be given where, from the nature of the statute or contract— from the nature of the case in short—it appears that no other notice is contemplated. Thus in *Williams* v. *Bergin,* 108 Cal. 171, [41 Pac. 287], this court had under consideration the provisions of a street law requiring assessments, and it was declared that upon an appeal by the contractor to the supervisors for an increase of the amount of the lien upon the owner's property, the notice to the owner was in the nature of process by which the board of supervisors acquired jurisdiction to act upon the appeal and change the assessment, and that the notice given must be the notice required by the statute, and it was held that a publication requiring "all appellants" to appear, without specifying the owners of the property, or the defendants against whom the appeal was taken, was insufficient. It is there said that, in the absence of any provision in the statute for the mode of giving notice, it would be necessary that every person who might be affected by the appeal should receive personal notice of the matter appealed from. And this, as to the statute in question, would be a perfectly legitimate construction within the rule as above announced. The notice in that case being in its nature a summons for the determination of a matter affecting private property rights, in all such cases the law is zealous that the notice conveyed by the summons should be personally served, and permits substituted service by publication and deposit in the mail only as a matter of necessity. But here everything that could be done to notify the superintendent was done. He was sought at his place of business during business hours, and, in his absence, his deputy and representative was notified. If such notification, to meet the circumstances of cases such as this, be held insufficient, it would be necessary merely for the superintendent of streets to immure himself in his private office during business hours, and forever escape the liability with which the law seeks to charge him for the careless or negligent performance of his duties. Such is an unreasonable construction of the law, and we hold that this notice, timely made, at the place of business of the public official, and in his absence to his deputy there representing him, is a notice sufficient under the provisions of the street law.

The court found "that said bitumen was placed and piled upon said street for the purpose of making said crosswalks, but it was not necessary to place or pile the same in the manner or place where the same was piled, and that the placing of said bitumen in said way constituted a defect and an unnecessary obstruction in said street." Upon this finding appellant argues that the case is one where the employer (here the superintendent of streets) is not liable, when the obstruction or defect in the street causing injury is wholly collateral to the contract work, not a necessary consequence of it, but entirely the result of the negligent or wrongful act of the contractor, subcontractor or his servants; that in such a case the immediate author of the injury alone is liable. (2 Dillon on Municipal Corporations, sec. 1029; *Robbins* v. *Chicago City*, 71 U. S. 679.) But notwithstanding the finding, the case does not fall within the principle to which it is referred. If no notice had been conveyed to the superintendent of streets, an argument might be based upon the proposition that the character of the work done was not inherently such as to cause an obstruction or nuisance in the street, and that he would not be chargeable therefor since the obstruction was created by the negligence of the contractor as an incident to, and not as a necessary part of, the task to be performed. But the gravamen of the action in this case is that the superintendent of streets, after knowledge that the contractor was thus obstructing the street (whether rightfully or wrongfully, necessarily or incidentally, it matters not) failed to see that proper precautions were taken to abate the obstruction, or to warn the public of the danger of its presence.

The judgment and order appealed from are, therefore, affirmed.

Lorigan, J., Shaw, J., Sloss, J., and Angellotti, J., concurred.