584

MID-SOUTH PAVERS, INC., Defendant-Plaintiff-in-Error, v. FLOSSIE WHITAKER, Plaintiff-Defendant-in-Error.—385 S.W.(2d) 284.

Eastern Section. September 9, 1964.

Certiorari Denied by Supreme Court January 6, 1965.

Wayne Parkey, William C. Skaggs, Knoxville, for plaintiff in error.

586

H. Calvin Walter, Glen R. Claiborne, Knoxville, for defendant in error.

CHATTIN, J. This suit was filed by Flossie Whitaker against Mid-South Pavers, Inc., road contractors, Guy Moran and G. Cleo Moran, individually, and as partners, doing business as Moran Trucking Company, to recover damages for personal injuries sustained in an automobile accident which occurred on July 20, 1961, on Highway 25W in Anderson County about three miles north of Clinton, Tennessee.

The defendant, Mid-South Pavers, had contracted with the Highway Department of the State to construct a shoulder on a section of Highway 25W between Clinton and Lake City, Tennessee. The Moran Trucking Company had contracted with Ralph Rogers to truck the gravel from his quarry to the site of the construction.

On the day of the accident, the plaintiff was driving her automobile in a northerly direction on her way to her home in LaFollette from Knoxville where she was employed by the Palm Beach Company.

When she approached the construction site she was stopped by Mid-South Pavers' flagman. There was only one car in front of her when she stopped. After some five or ten minutes the flagman indicated to the north bound traffic to proceed. She followed the car in front of her and was traveling about thirty to thirty-five miles an hour. Just prior to the accident they were traveling in the left or west lane since construction was on the right or east lane. The car in front of plaintiff suddenly swerved to the right and came to a sudden stop. Plaintiff swerved to her right but was unable to stop her car. She ran off the shoulder of the road and to the right of the

car that suddenly stopped in front of her. After passing the car, her car cut back to the left in front of this car and hit a truck of the Moran Trucking Company, which was parked in the east lane of the highway and facing south. She received serious injuries from the impact.

In her declaration plaintiff alleged in substance that the accident and her resultant injuries were caused by the negligence of each of the defendants in moving a vehicle at about the same time in the west lane which had been designated clear by the flagman for north bound traffic. The plaintiff, also, charged that defendants were guilty of negligence in that they violated T.C.A. sec. 59-858, our reckless driving statute, and T.C.A. sec. 59-859, which prohibits parking on highways outside business or residential districts.

The defendants filed special pleas denying any negligence on their part and averring that the accident was proximately caused by the negligence of plaintiff. Specifically, they say she operated her car at an excessive rate of speed under the circumstances; failed to keep a proper lookout ahead; operated her car when she knew or should have known her brakes were defective and therefore in violation of T.C.A. sec. 59-916 and T.C.A. sec. 59-917; driving recklessly or in violation of T.C.A. sec. 59-858; overtaking and passing a vehicle on the right in violation of T.C.A. sec. 59-818; in following a vehicle more closely than was reasonable under the circumstances in violation of T.C.A. sec. 59-824.

The case was tried before the Honorable William I. Davis and a jury. The defendants moved for a directed verdict at the close of plaintiff's proof and again at the close of all the proof. These motions were overruled, and the case submitted to the jury. The jury returned a

verdict of not guilty as to the defendants, Cleo Moran and Guy Moran, individually, and the Moran Trucking Company, a partnership. The jury returned a verdict for plaintiff against the defendant, Mid-South Pavers, Inc., for $17,000.00. A motion for a new trial was filed by Mid-South Pavers, Inc., and overruled and this defendant has perfected an appeal to this Court.

Defendant's assignments of error one, three and four complain of the action of the trial court in refusing to direct a verdict for defendant at the close of the proof on the grounds the evidence showed plaintiff was guilty of proximate contributory negligence; and there was no evidence of actionable negligence on the part of the defendant upon which the jury could base a verdict.

In considering these assignments, it is necessary we consider the evidence introduced at the trial. In considering the evidence we are required to accept as true the strongest legitimate view of the evidence in support of plaintiff's theory and the jury's verdict, together with every reasonable inference to be drawn from the proof favorable to the insistence of plaintiff. And we must disregard all countervailing evidence. Kunk v. Howell, 40 Tenn.App. 183, 289 S.W.(2d) 874, 73 A.L.R. (2d) 1304; Cherry v. Sampson, 34 Tenn.App. 29, 232 S.W.(2d) 610.

Applying this rule, there is evidence in this record which shows that on the afternoon of July 20, 1961, between the hours of four and five o'clock, the plaintiff was traveling on Highway 25W from Knoxville to LaFollette. She had traveled through Clinton. Some three miles north of Clinton the defendant was constructing a shoulder to the east lane or right lane facing north on this highway. The defendant, Mid-South Pavers, was in charge of this

work. Defendant was using a shoulder machine to construct the shoulder. The progress of the work was from north to south.

At the time of the accident the east lane was blocked by the shoulder machine and two trucks belonging to the Moran Trucking Company, which hauled gravel and dumped them into the shoulder machine as it moved. The conveying belt on the machine had broken and had just been repaired a few minutes before the accident. The two trucks were parked in front of the shoulder machine facing south.

In hauling the gravel to the machine from the quarry, which was south of the construction site, it was necessary for the drivers to drive the trucks north of the construction work, turn around, and return and back the trucks to the machine.

The flagman who stopped the plaintiff was stationed some two hundred to two hundred fifty yards south of the construction work. The conditions prevailing at that point could not be seen from where the flagman stopped plaintiff.

When the flagman stopped plaintiff there was one car in front of her driven by Floyd Hughes. He had a passenger with him by the name of Voland Wright. Neva Witt was in the car with plaintiff.

Plaintiff followed the Hughes car after the flagman indicated they could proceed. They drove on the east lane for a distance or until they could see the shoulder machine and the trucks parked in the east lane. They drove into the west lane. Suddenly the Hughes car swerved to its right into the east lane and stopped sud-

denly about fifty feet in front of the truck parked in that lane.

When the Hughes car swerved plaintiff also swerved to her right, but her brakes failed and she was unable to stop her car. She went off on the shoulder of the road and around the Hughes car and struck the gravel truck.

Hughes and Wright both testified that after Hughes pulled his car into the west lane they saw a truck either pull out into the west lane from behind the shoulder machine and trucks parked on the east lane or had come straight through and by the construction site south toward the Hughes car. That it was necessary for him to swerve to his right in order to avoid a collision with the truck. Neither witness knew the owner of the truck.

Neva Witt testified she could see a truck traveling south in the west lane after plaintiff swerved her car to the right.

Plaintiff testified her head hit the top of her car when she ran off on to the shoulder and she does not know what happened from that time until the collision.

A witness by the name of Rash stated someone left the scene in one of the defendant's trucks just prior to the accident.

As stated, Mid-South Pavers was in charge of the construction work. They had a flagman to the north of the work site as well as to the south.

Several witnesses testified they tested the brakes on plaintiff's car after the accident and they were defective.

However, both plaintiff and her passenger, Mrs. Witt, testified they had made several stops between Knoxville

and the point of collision and they had not noticed the brakes were defective.

■ We think the jury could reasonably find from this evidence that the defendant negligently failed to use proper precautions in keeping the west lane of the highway free from obstructions after the flagman had assured plaintiff and the other motorists it was safe to proceed.

■ A contractor making repairs on a highway while keeping a portion of the highway open for traffic is under the duty to safeguard the traveling public. Finchem v. Oman, 18 Tenn.App. 40, 72 S.W.(2d) 564; Foster and Creighton Company v. Hale, 32 Tenn.App. 208, 222 S.W. (2d) 222; 40 C.J.S. Highways sec. 256, page 301; 25 Am Jur., Section 412, page 706.

Further we think the jury could reasonably find that defendant was either negligent in permitting a truck to pull out into the west lane from a parked position north of the shoulder machine or defendant's flagman to the north negligently permitted a truck to be driven south on the west lane in the path of the north bound traffic, and was thus guilty of negligence which proximately caused the accident. It should be observed here that the flagman stationed to the north was not called to testify in the case.

■ Whether plaintiff was guilty of contributory negligence, we think, was a jury question.

Whether the plaintiff was placed in a sudden emergency due to the negligence of defendant and caused plaintiff to swerve and pass the Hughes car to the right; whether she knew or should have known her brakes were defective; whether she was keeping a proper lookout ahead; driving at an excessive speed under the circumstances; following

the car immediately in front of her too closely; were jury questions under the disputed facts.

In such cases where the facts are in dispute the issues of negligence and contributory negligence are questions for the jury. Tubb v. Boyd, 13 Tenn.App. 432; Duling v. Burnett, 22 Tenn.App. 522, 124 S.W.(2d) 294.

We overrule assignments one, three and four.

Defendant's fifth assignment complains of the action of the trial judge in charging the jury the following:

"It was the duty of the defendant, Mid-South Pavers, to exercise ordinary care to refrain from placing a flagman at a point where the flagman was unable to properly execute his duties, and to exercise ordinary care in placing and stationing of such flagman. It was the duty of the flagman so stationed to exercise ordinary care to correctly advise the traveling public of any situation that it created that would be reasonably foreseen or anticipated or reasonably expected to affect the safety of others lawfully using the highway."

It is urged it was improper for the trial judge to charge it was the duty of the defendant to place a flagman at any particular place or that defendant should use any specific means of warning the traveling public of any known danger or dangerous situations which defendant could reasonably have foreseen or anticipated. The proof, however, is to the effect defendant was at the time using this means of warning the traveling public. Defendant had a flagman to the north and south of the construction work.

We are unable to see how this portion of the charge lifted from the context of the charge prejudiced defend-

ant. We have read the charge and are satisfied it fully and fairly covered the contentions of both the plaintiff and defendant and conformed with applicable law. If it could be said that portion of the charge complained of was error it was at best harmless. T.C.A. sec. 27-117.

Defendant's second assignment of error is that the verdict of the jury is excessive.

■ In support of this assignment it is insisted by defendant under the facts and circumstances of the case there was no liability on the part of the defendant; and, therefore, the verdict was merely a. sympathy verdict on the part of the jury. Defendant admits plaintiff was seriously injured and makes no question of the excessiveness of the verdict if the testimony warranted a verdict against defendant. We have found there is material evidence in the record to support the verdict of the jury. This being true, we must overrule this assignment.

It results the trial court is affirmed with costs.

Shriver and Humphreys, JJ., concur.