496 P.2d 641

Martin COHEN and Marie Cohen, husband and wife, Appellants,

v.

SAHUARO PETROLEUM & ASPHALT CO., an Arizona corporation, Appellee.

No. 2 CA–CIV 1113.

Court of Appeals of Arizona, Division 2.

May 5, 1972.

Rehearing Denied June 2, 1972.

Review Denied July 13, 1972.

·Paul G. Rees, Jr., Tucson, for appellants.

Renaud, Cook, Miller & Cordova, P. A. by J. Gordon Cook and Richmond K. Turner, Phoenix, for appellee.

HOWARD, Judge.

Appellants allege the trial court erred in granting summary judgment against them.

Appellants brought an action against the appellee and others in the trial court as a result of an automobile accident that occurred near Yuma, Arizona. The complaint was in three counts alleging negligence, breach of contract and maintenance of a nuisance. A motion for summary judgment by appellee was granted solely as to appellee with an express determination of finality pursuant to Rule 54, subsec. b of the Arizona Rules of Civil Procedure, 16 A.R.S.

The entire file consists of the complaint, the several responsive pleadings of the defendants, and various discovery procedures. The pleadings, answers to interrogatories, and admissions show that the accident occurred on June 25, 1969, on a flat curve at or near Mile Post 8.5 on U. S. Highway 95 in Yuma County. At that time and place the appellee was the prime contractor resurfacing the stretch of highway involved. Appellant Martin Cohen, a medical doctor, was stopped by flagmen before he entered the construction area. The flagmen then authorized him to proceed. There were some warning signs in the area but Dr. Cohen did not know which specific signs were there at the time of the accident. He knew there was a curve in the road where the accident took place since he had traversed the same on other occasions when no construction was going on. The doctor admitted that he was advised before he entered that the roadway was in the construction area and was slippery from fresh material. He further admitted, in the request for admissions, that he ". . . said words to a flagman that amounted to a request for him to proceed by himself through the construction area because it was necessary for him to return

to Yuma for reasons connected with his practice of medicine."

Appellants resisted the motion for summary judgment on the grounds that there were material factual disputes and that they had not completed their discovery procedures.

Appellee justifies the granting of the motion for summary judgment by posing the following question which it insists must be answered in the negative:

"Can a person present a jury issue of negligence of one responsible for a roadway undergoing resurfacing construction when the person requested and was given special permission to enter the construction area alone for reasons connected with his practice of medicine only after he was advised the roadway was slippery from fresh materials?"

Appellee's contention is dual-faceted, covering both the issue of duty and assumption of risk or contributory negligence.

■ A road contractor must exercise reasonable care to avoid injury to the traveling public and his conduct is governed by the ordinary rules of negligence. Mid-South Pavers, Inc. v. Whitaker, 53 Tenn. App. 584, 385 S.W.2d 284 (1964); Gilpatrick Constr. Co. v. Wind River Ready-Mix Concrete Co., 473 P.2d 586 (Wyo. 1970); 39 Am.Jur.2d Highways, Streets and Bridges § 409 (1968). Appellee contends that its duty owed to Dr. Cohen was satisfied when it warned him that the road was slippery, and therefore as a matter of law it could not be negligent. We do not agree. The adequacy of the actions taken by a contractor to satisfy its duty toward the traveling public is generally a question for the trier of fact. Stockton Auto Co. v. Confer, 154 Cal. 402, 97 P. 881 (1908); Vinson v. Ham Brothers Constr. Co., 7 Cal.App.3d 990, 87 Cal.Rptr. 12 (1970). Since the adequacy of the precautions involves a factual determination it logically follows that appellants should have been allowed to complete their discovery. Gangadean v. Leumi Financial Corp., 13 Ariz. App. 534, 478 P.2d 532 (1970).

■ As to the other facet of appellee's question, there can be no summary judgment based on plaintiff's assumption of risk or contributory negligence, even if it is undisputed. Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971).

■ The factual issues in this case, if not in dispute, are at this point at least vague and uncertain as to exactly how the accident occurred, the existence and adequacy of warnings, the exact condition of the highway at the scene of the accident, and the highest speed at which the curve could have been negotiated at the time of the accident. Under such circumstances summary judgment should not have been granted. Boozer v. Arizona Country Club, 102 Ariz. 544, 434 P.2d 630 (1967).

Reversed and remanded for further proceedings not inconsistent with this opinion.

KRUCKER, C. J., and HATHAWAY, J., concur.